# Murphy *v.* The State; Barnard *v.* The State.

## *Prosecutions for Gaming.*

1. *When ruling of lower court presumed to be correct on appeal.*—Where the record shows in a criminal case, that an unusual number of witnesses were summoned, but fails to show for what purpose, or at whose instance, this court can not judicially know what or how many controversies of fact were raised on the trial, and hence, can not know that witnesses were summoned in excess of what the statute requires. In such case, in the absence of a showing to the contrary, this court will indulge the presumption that the officers of the law did their duty, and that the lower court rightly overruled defendant's motion to re-tax the costs.

2. *Solicitor's fees in County Court of Madison county.*—For all convictions for misdemeanors in the County Court of Madison county, whether commenced by affidavit and warrant in that court, or by indictment found in the Circuit Court and transferred to that court, the solicitor is entitled, under the act, entitled "An act to regulate the trial of misdemeanors in Madison county," approved February 9th, 1877 (Pamphlet Acts, 1876–7, p. 149), to the same fees as for similar services in the Circuit Court.

APPEALS from Madison County Court.

Tried before Hon. WILLIAM RICHARDSON.

These were prosecutions for gaming, commenced and tried in said court. The questions reserved for the consideration of this court are the same in each case, and were raised on motions

[Murphy v. The State; Barnard v. The State.]

to re-tax the costs. These motions were denied by the lower court, and, on appeal, both cases. were argued and submitted together.

DANIEL COLEMAN, for appellants.

H. C. TOMPKINS, Attorney-General, for the State..

STONE, J.—An unusual number of witnesses appear to have been summoned in these causes, but we are not informed for what purpose or purposes they were summoned, nor at the instance of which party. We can not judicially know what, nor how many controversies of fact were raised, and hence can not know that section 3144 of the Code of 1876 was violated, nor that any of the witnesses were summoned in excess of what the statute authorizes. In the absence of a showing to the contrary, we must indulge the presumption that the officers of the law did their duty, and we presume the County Court rightly overruled the motion to re-tax, unless the record affirmatively shows the contrary.

There is taxed in each bill of costs a solicitor's fee of sixty dollars, and the appellant moved below, and here renews the motion, to strike the item out, as improperly charged. The contention is, that in misdemeanors tried on warrant of arrest without indictment, the statute has made no provision for a fee to the solicitor.

In *Cawthorn v. The State*, 63 Ala. 157, we had under consideration the statute which must determine the question we are now considering.—Pamph. Acts 1876–7, p. 149. We then ruled that in all essential matters of trial, appeal, etc., that statute intended to make no distinction in the trial of misdemeanors in the County Court of Madison, between cases originating in that court, and cases transferred to it from the Circuit Court. We deem it unnecessary to re-state the argument here. The eighth section of that statute makes it "the duty of the solicitor of the judicial circuit of said county to attend said court, either in person or by deputy, and prosecute for the State all causes therein," and declares that "for so doing, he shall receive the same fees as for similar services in the Circuit Court." This certainly embraces all misdemeanors tried therein, whether commenced by affidavit, and warrant returnable thereto, or by indictment found in the Circuit Court, and transferred to the County Court. The solicitor's fee for prosecuting under sections 4209 and 4210 of the Code of 1876, is sixty dollars for each conviction.—Code, § 5047.

Affirmed.