# Andrews *v.* The State.

*Indictment for Murder.*

1. *Homicide; admissibility of evidence.*—On a trial in a criminal case under an indictment for murder, where the witness for the State testifies that the defendant crept up behind the deceased and fired upon him while the latter's back was turned to the defendant, it is not competent for the defendant, on cross examination of such witness, to ask him if he did not hear the deceased threaten the defendant's life the night before the killing occurred; no evidence having been introduced at the time showing any overt act or hostile demonstration on the part of the deceased at the time of the homicide.

2. *Charge to the jury in criminal case; sufficiency of evidence.* In the trial of a criminal case, a charge which instructs the jury that "every one charged with the commission of a crime is presumed to be innocent until his guilt is established, and the evidence to induce his conviction should not be a mere preponderance of probabilities, but it should be so convincing as to lead the minds of the jury to the conclusion that the

defendant can not be guiltless," exacts too high a degree of proof, and is properly refused.

3.  *Same; same.*—In a criminal case, a charge which instructs the jury that "unless the evidence against the prisoner should be such as to exclude to a moral certainty every supposition but that of his guilt of the offense imputed to him, they must find the defendant not guilty," exacts too high a degree of proof and is properly refused.

4.  *Same; same.*—In a criminal case. a charge which instructs the jury for an acquittal of the defendant "if one" or the jurors has a reasonable doubt of the defendant's guilt, is erroneous and properly refused.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. J. C. RICHARDSON.

The appellant, Butler Andrews, was indicted and tried for the murder of Bob Bogan, was convicted of murder in the first degree, and sentenced to imprisonment in the penitentiary for life.

On the trial of the cause, the evidence for the State tended to show that the defendant shot Bob Bogan while his back was turned towards him, and Bogan was walking away from the defendant, and the defendant crept up behind him with a shot gun and fired upon him, inflicting a wound, from the effects of which he died.

The witness, Burgin Harris, testified to facts showing that such were the circumstances of the killing. The facts relating to the question asked said Burgin Harris on his cross-examination and the ruling thereon are shown in the opinion.

There was evidence introduced for the defendant tending to show that at the time he fired upon the deceased, the latter was advancing upon him with a drawn knife.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (9.) "The court charges the jury that every one charged with the commission of a crime is presumed to be innocent until his guilt is established, and the evidence to induce his conviction should not be a mere prepond-

erance of probabilities, but it should be so convincing as to lead the minds of the jury to the conclusion that the defendant can not be guiltless." (10.) "The court charges the jury that unless the evidence against the prisoner should be such as to exclude to a moral certainty every supposition but that of his guilt of the offense imputed to him, they must find the defendant not guilty." (13.) "The court charges the jury that if one juror. has a reasonable doubt of the defendant's guilt, they must find the defendant not guilty." (14.) "The court charges the jury that if one of their number has a reasonable doubt of the defendant's guilt arising out of any part of the evidence, they must find the defendant not guilty."

J. O. SENTELL and M. W. RUSHTON, for appellant, cited *Carter v. State*, 103 Ala. 93; *Casete v. State*, 75 Ind. 146; *Coleman v. State*, 59 Ala. 53; *Elmore v. State*, 92 Ala. 51; *Mose v. State*, 36 Ala. 211; *Tatum v. State*, 63 Ala, 147; *Williams v. State*, 47 Ala. 659; *Wharton v. State*, 73 Ala. 366; *Childs v. State*, 58 Ala. 349; *McAdory v. State*, 62 Ala. 154; *State v. Newman*, 7 Ala. 69; *State v. Murphy*, 6 Ala. 845; *DeArman v. State*, 71 Ala. 351; *Powell v. State*, 52 Ala. 1; *Dupree v. State*, 33 Ala. 380.

CHAS. G. BROWN, Attorney-General for the State, cited *Jones v. State*, 116 Ala. 470; *Allen v. State*, 111 Ala. 81; *Pickens v. State*, 115 Ala. 42; *Cunningham v. State*, 117 Ala. 60; *Hule v. State*, 122 Ala. 89; 1 Mayfield's Digest, 173, Subd. 17.

DOWDELL, J.—On cross-examination by the defendant of the State's witness Bergin Harris, he was asked if he did not hear Bob Bogan (the deceased) on Sunday night, before the killing occurred, threaten defendant's life. An objection to this question by the State was sustained. At this stage, no evidence had been offered showing any overt act or hostile demonstration on the part of the deceased at the time of the homicide, and the ruling of the court was, therefore, free from error.—*Jones v. State*, 116 Aa. 470, and cases

there cited.

Charge 9 refused to the defendant was condemned by this court in *Allen v. State*, 111 Ala 80, as exacting too high a degree of proof. The legal proposition contained in the charge seems to have been approved in the earlier cases of the *State v. Murphy*, 6 Ala. 845, and *Coleman v. State*, 69 Ala. 52. We are disposed to adhere to *Allen v. State, supra*, as announcing the more reasonable rule.

Charge No. 10 likewise exacts too high a degree of proof and was properly refused. See cases cited in 1 Mayfield's Dig. p. 173, subdiv, 17, § 186.

Charges No. 13 and 14 were properly refused. These charges asked for an acquittal if *any one* of the jurors had a reasonable doubt of the defendant's guilt, notwithstanding the rest of the jurors were free from such doubt. Charges of this character were criticised in the case of *Hale v. State*, 122 Ala. 89, and the distinction clearly drawn between such and charges which instructed that there could not be a *conviction* so long as one of the jury entertained a reasonable doubt of the defendant's guilt.—See also *Pickens v. State*, 115 Ala. 42; *Cunningham v. State*, 117 Ala. 60.

There is no error in the record.

Affirmed.


## Indictment for Murder.

