## THE D. SINCLAIR COMPANY

*v.*

## ANDREW E. WADDILL.

*Opinion filed June 19, 1902—Rehearing denied December 16, 1902.*

1. TRIAL—*what evidence is sufficient to go to the jury in an action for negligence.* Evidence that plaintiff was employed to construct a shed to shelter certain bags of cement, in which work he was inexperienced; that in the construction of the shed he acted entirely under the direction of defendant's foreman, who planned the work and selected the materials and the location; that while plaintiff, by direction of the foreman, was putting on the roof the foreman set a force to putting the cement into the shed, which, by reason of its weak construction and improper location upon a bank of loose earth, collapsed and fell, carrying plaintiff with it and injuring him, is sufficient to go to the jury upon the question of defendant's negligence.

2. SAME—*order of making opening statement is discretionary with the court.* It is a matter of discretion with the trial court to refuse to allow the defendant's opening statement to be reserved until the plaintiff's evidence has been heard.

3. MASTER AND SERVANT—*what risks are not assumed by a servant.* The risks assumed by a servant do not include such as arise from the negligence of the master or from temporary peril produced by the positive, negligent act of the master.

*Sinclair Co.* v. *Waddill,* 99 Ill. App. 334, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

F. J. CANTY, and J. A. BLOOMINGSTON, for appellant.

JAMES W. & EDWARD C. CRAIG, for appellee.

200—2

Mr. JUSTICE BOGGS delivered the opinion of the court:

The Appellate Court for the Third District affirmed the judgment entered in the circuit court of Coles county in the sum of $1000 in favor of the appellee and against the appellant company, and the record is before us by a further appeal.

The action was case, to recover for personal injuries received by the appellee while in the employ of the appellant in the capacity of a carpenter.

It is first complained that the court erred in overruling the motion entered by the appellant company at the close of all the evidence to peremptorily direct the jury to return a verdict of not guilty. We do not think the court erred in respect of this ruling. The appellant company was engaged in constructing cement bridges and culverts near Mattoon, under a contract with the Illinois Central Railroad Company. The appellee, a farmer, who at times also did carpenter work upon barns, cribs, etc., lived near there. He was employed by the appellant company to build a shed or building in which to store a quantity of cement which the appellant company intended to use in the construction of bridges and culverts. The appellant company had shipped to the point on the track of the railroad where it was intended to put in a cement culvert, some seventy-five to one hundred bags of cement to be used in the work, and also some lumber and parts of a building that had been constructed and used at another point for the storage of cement. The Illinois Central railroad had recently raised an embankment of earth to serve as a grade for a second track which it designed to lay just east of the original track of the road. The lumber and the cement before mentioned were unloaded from the cars upon this new embankment of earth. E. L. Searight was the manager or foreman in charge of the work for the appellant. The weather was threatening and it was feared it would rain and damage

or destroy the cement, and Mr. Searight directed the appellee to build a shed or house in which to store it. The appellee had never before constructed such a building, and the evidence tended to show that he acted on the occasion in question, in the matter of constructing the building, wholly under the direction of Mr. Searight, who selected the site and directed the plan and, in the main, the manner of the construction of the building. The building was about nine feet east and west and fourteen or fifteen feet north and south. The western side was, under the direction of the foreman, made to rest on the new embankment or grade of the railroad, and the building projected eastward beyond the embankment four or five feet. There was evidence tending to show that Mr. Searight directed the appellee as to the size of the planks or timbers to be used in constructing the foundation of the eastern side of the building,—that which projected beyond the embankment,—and also the pieces of lumber to be used to support that side of the building. A portion of the lumber which had been used by the appellant company in another cement building was among that directed to be used in the construction of the shed or building in question. When Mr. Searight returned from dinner the framework of the shed or building was up, the floor laid and the building partly enclosed at the sides. He deemed it important, in view of the probability of rain, that the cement should be under shelter as soon as possible, and directed the appellee to proceed and put on the roof of tar-paper. The roof was a shed roof, and sloped from the west to the east. While the appellee was on top of the structure engaged in nailing or tacking down the roof of tar-paper, Searight set a force of men at work to move the cement under the shelter of the roof, though the sides of the building were unfinished. The cement was in bags containing about one hundred pounds each. While so engaged, and before they had brought all of the

bags of cement from the embankment into the building, the house or shed fell to the east, and the appellee fell with it and was injured thereby. The shed was made under the direction of the foreman of the appellant company and according to his plan and instructions. He knew the purpose for which it was intended to be used, and had experience and superior knowledge to that possessed by the appellee as to the strength required in a structure to be used for that purpose. The material to be used in its construction was selected and furnished by the appellant company, and the plan of resting it partly upon the newly constructed embankment of loose dirt and partly beyond that embankment, and of supporting the projecting portion by the lumber provided for the purpose, was that of the appellant company, through its foreman. It was a question of fact for the jury to determine whether, under all of the evidence, the structure gave way because it had been imprudently located, negligently planned, constructed of insufficient material or hurriedly and recklessly overloaded, or whether the defects therein were occasioned by or through the negligence or lack of proper workmanship on the part of the appellee. The appellee had neither experience in such work nor knowledge of what would be required of the structure, and his actions were those of a servant in obedience to the commands of the master. The testimony so far tended to show the injury arose from the negligence of the foreman of the appellant company as to make that a question of fact for the jury,—not of law for the court.

Nor could the court have properly directed a verdict for the appellant company on the ground the appellee assumed the risk of the peril from which he received his injury. The risks assumed by a servant do not include such as arise from the negligence of the master nor such as are unreasonable or extraordinary, (*City of LaSalle* v. *Kostka*, 190 Ill. 130,) or from those which constitute a

temporary peril created by the negligent, positive act of the master.  *Fairbank* v. *Haentzsche,* 73 Ill. 236.

After counsel for the appellee had concluded the opening statement to the jury, counsel for the appellant asked leave to reserve the opening statement in its behalf until after the evidence for the appellee had been heard. The court declined to grant the request, but ruled the opening statement in behalf of the appellant company should be made, if at all, before the submission of any evidence to the jury.  This ruling of the court is complained of as being erroneous, or as an abuse of discretion.  It is a matter of discretion in the court to refuse or allow the opening statement to be reserved until the evidence on behalf of the plaintiff has been heard. (*Sands* v. *Potter,* 165 Ill. 397.)  It is urged in support of the insistence the discretion was abused in this instance, that the declaration, as then framed, alleged that the appellant company had constructed the embankment upon which the western edge of the cement house had been erected; that an opening statement in behalf of appellant would have necessarily disclosed this allegation of the pleadings to be erroneous, and have enabled the plaintiff to amend.  The advantage which it is thought the appellant lost by the ruling of the court in question was not only wholly without merit, but was entirely imaginary, for the reason that the amendment might have as well been made if the defective allegation had been disclosed in an opening statement made after the testimony in behalf of the appellant had been submitted. *Chicago and Pacific Railroad Co.* v. *Stein,* 75 Ill. 41; *McCollom* v. *Indianapolis and St. Louis Railroad Co.* 94 id. 534.

There is no good ground of objection to the instructions given in behalf of appellee.  The first and third are the subjects of complaint.  As to the first, it is urged it ignores the question of the assumption of risk of injury by the appellee.  The instruction advises the jury that if they believe certain recited state of facts had been

established by the evidence they should return a verdict for the plaintiff. The facts so stated exclude the application of the doctrine of assumed risk within the rule hereinbefore announced, that risks arising out of the negligence of the master, or out of extraordinary conditions, or from a temporary peril created by the positive act of the master, are not assumed by the servant. Reference in the instruction to the rule as to assumed risks was not, therefore, important or requisite.

Instruction No. 3 given in behalf of the appellee advised the jury the relation of fellow-servants did not exist between the appellee and appellant's foreman, Searight, if the jury believe certain statements of fact set forth in the instruction had been proven by the evidence. It is objected it is always a question of fact whether that relation exists or not. This contention need have no further attention than to say there was no evidence tending to show Searight and appellee were fellow-servants, and nothing in the record or in the brief of counsel indicates the doctrine of non-liability for the negligence of a fellow-servant was involved in the case. It is not complained the doctrine of the instruction is erroneous or that it could have misled the jury.

In the brief of counsel it is urged the court erred in refusing to give one of the instructions asked in behalf of the appellant. This ruling of the court was not assigned as for error in the Appellate Court nor is it so assigned in this court. It cannot be considered.

Whether the verdict is excessive is a question of fact, as to which the parties are concluded by the action of the trial and Appellate Courts.

The judgment is affirmed.          *Judgment affirmed.*