## SAMPSON v. STATE. (8 Div. 98.)

(Court of Appeals of Alabama. May 20, 1924.)

**1. Costs ⚫═◁315—Motion to retax costs incurred by state in summoning certain witnesses not examined held properly overruled.**

A motion to retax costs incurred by state in summoning certain witnesses not examined was properly overruled, in absence of evidence that witnesses were unnecessary or in excess of statutory limits.

**2. Criminal law ⚫═◁304(1)—No judicial notice taken of purposes for which witnesses summoned or that number is in excess of statute.**

Courts cannot judicially know for what purposes witnesses are summoned or that such witnesses are in excess of those allowed by statute.

**3. Criminal law ⚫═◁695(2), 1170½(2)—Question to injured party in assault with knife held not erroneous, and in any event harmless.**

In a prosecution for assault with a knife, question to injured party whether "cut reached the cavity" was not erroneous, where objection was general, and in any event harmless where injured party described wound, stating facts from which jury could draw its own conclusion, without answering question objected to.

---

⚫═◁For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Assault and battery ⊕85—Injured party in prosecution for assault may testify as to his age.**

In a prosecution for assault, court properly permitted injured party to testify as to his age.

**5. Criminal law ⊕404(4)—Clothes worn by injured party when assaulted admissible as res gestæ.**

In a prosecution for assault, clothes worn by injured party at time of injury were admissible as part of res gestæ.

**6. Witnesses ⊕268(1)—Cross-examination of injured party in prosecution for assault as to brooding over difficulty with defendant evening before held improper.**

In a prosecution for assault, cross-examination, which sought to show that injured party was brooding over difficulty with defendant the "evening before," was improper, when there was no evidence of an overt act on the part of injured party, and no testimony as to self-defense by defendant.

**7. Criminal law ⊕1169(1)—Statement of witness in prosecution for assault held not to require reversal.**

In prosecution for assault, that witness stated that "Vennie fainted" when she saw that her father was cut, while irrelevant, was not sufficiently important to require a reversal.

**8. Criminal law ⊕419, 420(1)—Advice given defendant by justice of peace before assault held hearsay and inadmissible.**

Advice given defendant by justice of peace prior to his going to a house where he assaulted another was hearsay and inadmissible.

**9. Criminal law ⊕814(3), 829(1) — Charges properly refused where not predicating jury's finding on evidence and covered by court's charges.**

In a prosecution for assault, charges which did not predicate jury's finding on the evidence, or which were fully covered by court's charges, were properly refused.

**10. Criminal law ⊕815(5)—Charge omitting element of self-defense held properly refused.**

Defendant's requested charge that if he cut injured party, who was threatening to kill him or to inflict upon him great bodily harm, he would not be guilty of assault, was properly refused, since it omitted the elements of self-defense.

**11. Criminal law ⊕815(1), 829(1) — Charge predicating jury's conclusion on part of testimony held properly refused.**

In a prosecution for assault, defendant's requested charge, predicating jury's conclusion on part of testimony and other charges which were covered by oral charge, were properly refused.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Lonnie Sampson was convicted of an assault with a knife, and appeals. Affirmed.

Charge 2 refused to defendant is as follows:

"(2) Gentlemen of the jury, if you find from all the testimony in this case that the defendant was a tenant of Malone at the time of the difficulty, and he refused to allow the defendant the use of a mule to finish his crops, and defendant went to the home of Malone on a peaceable mission to try and induce Malone to let him have a mule for the purpose of finishing his crop, and, while there, Malone cursed and abused him and threatened to kill him or inflict upon him great bodily harm, and ran onto him with a gun, and the defendant cut Malone until Malone ceased his attack, then the defendant would not be guilty under the indictment in this cause, and you should acquit him."

Orr & Killcrease, of Albertville, for appellant.

Defendant's motion to retax costs of witnesses summoned and not examined should have been granted. Forcheimer & Co. v. Kaver, 79 Ala. 285; Porter v. Williams, 22 Ala. 525; Briley v. Hodges, 3 Port. 335, It was improper for the witness, not an expert, to testify the cut reached the cavity. Bennett v. State, 52 Ala. 370; 22 Cyc. 485; Jones on Evi. (2d Ed.) 448. Evidence as to the injured party brooding over a prior difficulty with defendant was admissible. McCormack v. State, 102 Ala. 156, 15 South. 438; Armor v. State, 63 Ala. 173; Davis v. State, 126 Ala. 44, 28 South. 617; Gray v. State, 63 Ala. 66.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

In the absence of proof, the motion to retax was properly overruled. Barnard v. State, 71 Ala. 15. Evidence of the injured party's age was competent. Anderson v. State, 209 Ala. 36, 95 South. 171. A witness could not give in evidence his conclusion as to whether the injured party was brooding. Hill v. State, 18 Ala. App. 172, 90 South. 62. Charges not predicated upon the evidence are properly refused. Edwards v. State, 205 Ala. 160, 87 South. 179.

SAMFORD, J. [1, 2] Motion was made in this case to retax certain costs incurred by the state in having summoned certain witnesses not examined. Courts cannot judicially know for what purposes witnesses are summoned, or that such witnesses were in excess of those allowed by statute. In a case of the character of the one on trial, the evidence sometimes takes a wide range, and the solicitor in preparing the case for trial is permitted to anticipate defenses within legitimate bounds. In the absence of evidence convincing the court that the witnesses, whose costs were sought to be retaxed, were unnecessary or in excess of the statutory limits, the motion to retax was properly overruled. Barnard v. State, 71 Ala. 15.

[3] While the injured party was being examined as a witness, the solicitor asked this question: "Did the cut reach the cavity?"

The objection to this was general, not stating any grounds. The question was not subject to a general objection. Moreover, the answer could not have been prejudicial, as the witness immediately described the wound, stating the facts, from which the jury could draw its own conclusion, without answering the question objected to.

[4] The court properly permitted the injured party to testify as to his age. Anderson v State 209 Ala. 36, 95 South. 171.

[5] The clothes worn by the injured party at the time of the injury are admissible as part of the res gestæ.

[6] On cross-examination of the injured party, defendant's counsel asked several questions seeking to prove that just prior to the time the alleged attack was made, the witness was sitting in his house "brooding" over a difficulty had between witness and defendant the "evening before." The court sustained the state's objections to these questions, and defendant excepted. At that time there was no evidence of an overt act on the part of the witness, and no semblance of testimony as to self-defense on the part of defendant. Under the facts as they appeared, the action of defendant in assaulting witness was without any provocation. After the defendant had introduced evidence tending to show self-defense, or if counsel had informed the court as to what he expected the evidence later to develop, the testimony called for might have been relevant; but in the light of the testimony then developed, the mental attitude of the witness

towards the defendant was in no way relevant. Andrews v. State, 134 Ala. 47, 32 South. 665; Kirby v. State, 151 Ala. 66, 44 South. 38; Moore v. State, 16 Ala. App. 503, 79 South. 201.

[7] The fact that "Vennie fainted" when she saw that her father was cut, while irrelevant, is not of sufficient importance to justify a reversal of the case. In the trial of hotly contested cases, isolated and irrelevant remarks from witnesses sometimes "creep in." Taken alone, there might be technical error, but, taken with the entire statement of the witness, are without prejudicial injury.

[8, 9] The advice given defendant by Dowdy, a justice of the peace, prior to the defendant's going to the house where the difficulty arose, was hearsay and inadmissible. Charges 1, 5, 8, and 9, if for no other reason, are bad and properly refused for the reason they do not predicate the finding of the jury on the evidence. Edwards v. State, 205 Ala. 160. 87 South. 179. Besides, the court had fully covered every principle of law set out in these charges.

[10] Charge 2 omits the elements of self-defense.

[11] Charge 7 predicates the conclusion of the jury on a part of the testimony, and charges 6 and 4 are covered by the oral charge.

We find no error in the record, and the judgment is affirmed.

Affirmed.

# MEMORANDA

## OF CASES DECIDED DURING THE PERIOD EMBRACED IN THIS VOLUME, WHICH ARE ORDERED NOT TO BE REPORTED IN FULL.