152 So. 612

## TERRELL v. STATE.
### 6 Div. 521.

Court of Appeals of Alabama.
Jan. 30, 1934.

Ernest B. Fite, of Hamilton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Code 1923, § 7247, motion to retax costs, is applicable to criminal as well as civil cases. See Tribble v. State, 147 Ala. 699, 41 So. 183; and Sampson v. State, 19 Ala. App. 671, 100 So. 305.

Admittedly, the motion in this case was not filed until after the expiration of thirty days from the date of the judgment of conviction. It was properly stricken. Code, § 7247, supra.

Without questioning appellant's remedy by appeal, it results that the judgment of the lower court ought not to be reversed; hence, it is affirmed. Supreme Ct. Rule 45.

Affirmed.

152 So. 745

## REED v. STATE.
### 8 Div. 916.

Court of Appeals of Alabama.
Feb. 13, 1934.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged this appellant, and another, with the offense of grand larceny, in that they feloniously took and carried away about 1,620 feet of galvanized pipe, of the value of, to wit, $202.50, the personal property of Claude King & Son, Inc., a corporation, etc. It was returned into open court by the grand jury and filed on the 8th day of February, 1932. On May 22, 1933, this appellant appeared, and in answer to the indictment interposed a plea of guilty to petit larceny, judgment of conviction was duly pronounced and entered, the court having fixed a fine of $25, to which was added six months' hard labor for the county. Notwithstanding the fact that the accused pleaded guilty, as stated, he took an appeal from the judgment of conviction to this court.

A plea of guilty, though voluntary, does not preclude the defendant from taking an appeal. Sammons v. State, 23 Ala. App. 162, 122 So. 309. Hence this appeal will not be dismissed for that reason.

However, the judgment of conviction in the court below must be, and is, affirmed for the reason the record upon which this appeal is rested is regular in all things.

Affirmed.