153 So. 261
## ATLANTA LIFE INS. CO. v. ASH.
### 6 Div. 521.

Supreme Court of Alabama.
March 1, 1934.

Robert J. Wheeler, of Birmingham, for appellee.

L. H. Etheridge, of Bessemer, for appellant.

KNIGHT, Justice.

Suit by plaintiff against the defendant to recover damages for two alleged fraudulent acts, perpetrated by an agent of defendant, against the plaintiff, in the collection of premiums upon an insurance policy issued by defendant upon the life of plaintiff's brother.

When the suit was first filed, the complaint consisted of two counts. Thereafter, on the day set for the trial of the cause, the plaintiff, by leave of the court, amended her complaint by adding two additional counts numbered 3 and 4. These counts, added by way of amendment, appear in the report of the case.

There was a demurrer to each of the counts of the complaint, but the judgment entry discloses that the court made no order thereon, and the judgment recites: "Defendant files pleas 1, 2 and 3; attorneys in open court agree to plead in short by consent."

The case was tried upon the theory that the defendant had pleaded the general issue, and an election on the part of plaintiff to hold the agent, Nedric Thompson, not the principal, the Atlanta Life Insurance Company, liable to her for the wrongs complained of.

The evidence on the part of the plaintiff tended to prove each and every material allegation of the complaint, and that she had not elected to look to the agent for repayment of the amount due her, and had not renounced any remedy she may have had against the Atlanta Life Insurance Company, for and on account of the fraud of its agent.

On the part of the defendant, there was evidence tending to show that the defendant's agent, Nedric Thompson, practiced no fraud or deceit upon the plaintiff; that while he did get from her, on the dates set out in counts 3 and 4, a check for $140, and a check for $200 drawn on the First National Bank of Birmingham, Ala., which were afterwards paid to him by said bank, the transactions represented, in truth and fact, two loans made by the plaintiff to said Thompson. There was also testimony offered by the defendant tending to show that, after this suit was brought, the plaintiff and her attorney, duly authorized, entered into negotiations for the repayment of the money by the said agent, and that the said Thompson had ac-

tually repaid to the plaintiff, or to her attorney, $15, for which plaintiff executed to Thompson a receipt, and had also paid to the plaintiff's attorney $10 on his fee. That he also executed his note to the plaintiff for the sum of $300, payable in the monthly sum of $20 until paid in full.

The testimony on the part of the plaintiff tended to show that she specifically informed her attorney that she would not settle her case against the defendant until she was paid in full. That plaintiff did not authorize the taking of the note, and has never ratified the act. In other words, the question of an election was, under the pleading and the evidence in the case, one for the jury, assuming that, in a case like the present, such a plea would present a defense to the action— a question we are not now called upon to decide, as the parties treated the plea as presenting a defense, if it was proven.

Let it be here understood, however, that this action is to recover damages for a tort committed, so it is charged, by the defendant's agent against the plaintiff. It must not be taken for granted that, in anything said above, we commit ourselves to the proposition that the principle of an election applies, nor do we commit ourselves to the proposition that the plaintiff, in such a case as the one now before us, could not have sued the defendant and the derelict agent jointly, or severally, and successively, until she had recovered of one or both the amount of her loss. Stapler v. Parler, 212 Ala. 644, 103 So. 573.

■ There is manifestly no merit in appellant's first and second assignments of error. There was no exception reserved by the defendant to the allowance by the court of the amendment of the complaint, by adding counts 3 and 4. In the absence of an objection and exception to such action of the court, there is nothing presented here for review.

The appellant's third assignment of error is predicated upon the action of the court in sustaining plaintiff's objection to the following remarks made by the defendant's attorney in his opening statement to the jury: "And that it was only after she had had a falling out with this man Thompson, and that he didn't pay her when she first requested the money, that she thought that the company was better able to pay and had more money and it would be a surer proposition."

■■ The right of counsel to make a preliminary or opening statement to the jury is fully recognized in this jurisdiction, but this right is not unlimited. The purpose and function of such a statement is to advise the jury of the facts relied upon to make up his right of action or defense, "to define the nature of the questions involved, and advise them of the issues to be tried so as to enable them to understand the case to be tried." Counsel, of course, may, in a reasonable way, outline what he expects to prove, unless it is manifest that such proof would be incompetent, or the offer or statement is made for the purpose of improperly influencing the jury. Prudential Ins. Co. v. Calvin (Ala. Sup.) 148 So. 837; [1] Atlanta Life Ins. Co. v. Canady, 225 Ala. 377, 143 So. 561; O'Connell v. Dow, 182 Mass. 541, 66 N. E. 788; Sinclair Co. v. Waddill, 200 Ill. 17, 65 N. E. 437; 64 C. J. § 251, pp. 235, 236.

■ We do not think that the excepted to part of the opening statement of defendant's counsel was proper, and the court committed no error in sustaining the plaintiff's objection thereto.

■ The plaintiff's counsel in replying to the opening statement of the defendant's attorney, among other things, said: "So far as to the settlement, why gentlemen of the jury, we expect the evidence to show that Thompson, the man who we claim the evidence will show, defrauded this woman out of her money, had a suit himself against the Atlanta Life Insurance Company for damages because they had him arrested for taking money that belonged to them."

Assuming that defendant's objection was made and limited to the above-quoted portion of the statement of plaintiff's counsel, yet a part of the statement was borne out by testimony thereafter introduced in the case, and, at the time it was so introduced, it was legally admissible. Had the defendant confined his objection to the following portion of the statement, to wit: "For taking money that belonged to them," we are not prepared to say that it should not have been sustained. As it was, the defendant's objection was too broad, and was, therefore, overruled without error.

■■ After the examination of the witness Rosa Ash, recalled by the plaintiff, the following appears in the bill of exceptions:

"Mr. Wheeler: That is all for the plaintiff, the plaintiff rests.

"Mr. Davis: We rest also.

"(Here the court excused the jury while he made up the issues.)

---

[1] 227 Ala. 146.

"After a statement by the court as to what he conceived the issues to be, Mr. Wheeler stated he wanted to testify himself.

"Mr. Davis: I don't think it fair, your honor, to let him now reopen the case and we object to it.

"The court: I will overrule the objection and give him an opportunity of testifying himself.

"Mr. Davis: We reserve an exception."

Thereupon, Mr. Wheeler took the stand as a witness for plaintiff, and gave testimony bearing materially upon the issues in the case.

It was within the sound discretion of the court, after the evidence had been closed, whether it would allow the plaintiff to introduce further testimony. Chandler Bros. v. Higgins, 156 Ala. 511, 47 So. 284; Birmingham R., L. & P. Co. v. Saxon, 179 Ala. 136, 59 So. 584. There is nothing in this case to show that, in the exercise of its discretion, there was abuse.

■ Under the evidence in the case we cannot affirm error on the part of the court in overruling the defendant's objection to the following portions of the argument of plaintiff's attorney to the jury: "He (referring to Thompson) was taking advantage of them while the husband was away." "He (referring again to Thompson) stands before you as a defrauder and as a thief."

There was evidence before the jury, which tended to show, and, if believed, did show, that Thompson had taken a foul advantage of the plaintiff, within a few days after her husband had been buried, and under circumstances, if believed by the jury, which were felonious. Under the evidence, the argument was a legitimate deduction to be drawn.

■ Appellant's assignments of error 16, 17, 18, 19, 20, and 21 are predicated upon exceptions to certain portions of the court's oral charge, and the bill of exceptions affirmatively shows that these exceptions were noted after the jury had retired for the second time to consider their verdict. To be efficacious, such exceptions must be taken before the jury retires. Phœnix Ins. Co. v. Moog, 81 Ala. 337, 1 So. 108; Hayes v. Solomon, 90 Ala. 520, 7 So. 921; City Council of Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562; Sov. Camp, W. O. W., v. Gay, 217 Ala. 543, 117 So. 78. The appellant can take nothing by the above-stated assignments of error.

The record does not show that the appellant reserved exceptions to those parts of the court's oral charge made the basis for assignments of error numbered 10 and 11.

■ Appellant in his brief groups assignments 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21, under proposition 7, and whatever argument there made, in support of appellant's contention for error, was made in bulk as one. Confessedly some of the assignments, as for example, assignments 12, 13, and 14. are without merit. Therefore, the assignments cannot be sustained, as some are unquestionably bad. Ford v. Bradford, 218 Ala. 62, 117 So. 429; Bush v. Bumgardner, 212 Ala. 456, 102 So. 629; Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479; City of Montgomery v. Moon, 208 Ala. 472, 94 So 337.

■ Under proposition 8, appellant simply groups assignments of error 22, 26, 27, 28, 31, and 32, with the statement only: "This proposition treats assignments of error numbered 22, 26, 27, 28, 31 and 32, and same refer to the error of the court in giving and refusing written charges." No further argument is submitted in support of these particular assignments. Under our uniform ruling, we will treat the same as waived. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158; St. L.-S. F. Rwy. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433; Futvoye et al. v. Chuites et al., 224 Ala. 458, 140 So. 432.

■ Appellant also groups assignments 25 and 29, which relate to the refusal of the court to give, at the written request of defendant, two written charges, the one appearing on page 25 of the transcript we have numbered for convenience and identification 7, while we have numbered the other 12. Charge 7 related to a finding for defendant under count 1 of the complaint. This count had been charged out of the case by the court, and hence the refusal of the court to give charge 7 involved no injury to the defendant.

■■ Charge 12, so numbered by us, limits defendant's liability to acts done within the scope of the agent's real authority, and wholly ignores the rule that the principal is also liable to an injured third person by an agent acting within the scope of the agent's apparent authority. The principal is liable for acts of his agent done within the scope of his apparent authority. Kramer v. Compton, 166 Ala. 216, 52 So. 351; J. C. Lysle Milling Co. v. North Ala. Gro. Co., 201 Ala. 222, 77 So. 748; Birmingham News Co. v. Birming-

ham Printing Co., 209 Ala. 403, 93 So. 336; Langham v. Jackson, 211 Ala. 416, 100 So. 757; Southern Rwy. Co. v. Beaty, 212 Ala. 608, 103 So. 658.

The appellant, under the evidence and issues in the case, was not entitled to the general affirmative charge under either count 3 or 4 of the complaint. The court, however, charged out counts 1 and 2.

The court overruled defendant's motion for a new trial. A review of the evidence in the record does not convince us that in this action of the court there was error. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

We have considered all questions presented by the appeal, which have been argued for reversal, with the result we have found no errors which would lead to a reversal of the cause. The judgment of the circuit court must, therefore, be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.