EX PARTE GLENN TEAGUE.

No. 19507.    Delivered November 24, 1937.
Rehearing Denied January 19, 1938.

The opinion states the case.

*Wynne & Wynne,* of Wills Point, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Relator was convicted of a misdemeanor and his punishment assessed at a fine of one dollar. The costs amounted to $13.75. On the 9th of July, 1937, relator paid $10.00 on the fine and costs, but declined to pay $4.75 which had been taxed as fees of the constable. On the 10th day of July, 1937, the justice of the peace issued a capias pro fine, by virtue of which the relator was arrested and lodged in jail. Thereafter he made application for a writ of habeas corpus on the allegation that he was illegally restrained of his liberty. The writ having been awarded, a hearing was had and he was remanded to custody. Hence this appeal.

Relator seeks in this proceeding to have the court declare that the constable was not entitled to fees in the amount of $4.75 for the reason that he failed to render the services entitling him to such amount. The items embraced in the constable's bill are in amounts authorized by the statute. If the relator thought that such items had been erroneously taxed as costs he had his legal remedy. Art. 1016, C. C. P., reads as follows:

"Whenever costs have been erroneously taxed against a defendant, he may have the error corrected, and the costs properly taxed, upon filing a written motion for that purpose in the court in which the case is then or was last pending. Such motion may be made at any time within one year after the final disposition of the case in which the costs were taxed, and not afterward. Notice of such motion shall be given to each party to be affected thereby, as in the case of a similar motion in a civil action."

The record fails to show that the motion contemplated by the statute was filed by the relator with the justice of the peace. Under the circumstances, it is our conclusion that he is not entitled to seek relief by way of habeas corpus. See Terrell v. State, 152 Sou., 612.

The judgment remanding relator is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains in his motion herein, and makes the statement that the justice of the peace has heretofore refused to retax the costs herein, as it was his duty to do, under Art. 1016, C. C. P. The record does not show any such refusal, and we are without authority to go outside of the record in such matters. We are also loath to think that elective officers of our State will deliberately refuse to do something that the statute prescribes they must do. There are ways provided by law where such officers can be compelled to perform the duties required by law to be done by them.

We confess the presence of some doubt in our mind as to whether or not the constable was entitled to his herein charged fees. There sems to be some intimation in the facts that would show that he was attempting to show the relator and his employer the requested courtesy of allowing the driver to proceed with his freight rather than incarcerating him in jail and tying up his truck until bail could be made for the driver of such truck. Under the circumstances the relator might be held to have waived his commitment, and, therefore, his release thereafter.

Suffice it to say, we think the original opinion herein properly disposes of this matter, and the motion is overruled.

*Overruled.*