37 So.2d 532

## HANSON v. STATE.

### 6 Div. 693.

Court of Appeals of Alabama.
Nov. 16, 1948.

J. T. Johnson, of Oneonta, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

■ The action of the court in overruling and denying defendant's motion to quash the indictment was without error. The indictment, in this case, was proper in form and substance, and was duly and legally authenticated. An indictment receives its legal efficacy from being found and returned into court by a grand jury; and it is not necessary, to its validity, that it be signed by the solicitor, or any one acting for him. It is proper for the Solicitor to attach his signature to an indictment, but his failure or omission to do so does not afford proper grounds of objection.

■ The crime charged was assault with intent to murder. This accusation included the lesser offense of assault and battery which authorized the jury to return its verdict as follows: "We the jury find the defendant guilty of assault and battery."

■ As will be noted, the jury imposed no fine, and the trial court sentenced the defendant to imprisonment in the county jail for sixty days as his punishment. All this is provided for in Section 336, Title 15, Code of Alabama 1940, which reads as follows:

"When jury need not impose fine, but leave punishment to court.—When an offense may be punished, in addition to a fine, by imprisonment or hard labor for the county, the jury shall not be required to impose a fine; but, if in their judgment, the defendant should only be punished in some other mode, may, in such case, only find him guilty and leave the imposition of the punishment to the court."

■ The proposition of law involved in the defendant's exception reserved to the oral charge of the court has been eliminated by the verdict of the jury, malice not being an essential ingredient as to the offense of assault and battery. No discussion as to this is necessary.

■ There was no error in the action of the court in allowing the State to introduce in evidence the clothing worn by the assaulted party at the time of the attack upon him by the defendant. An extended discussion on this question is not necessary. The case of Hyche v. State, 22 Ala.App. 176, 113 So. 644, and cases cited, is a complete answer to this insistence.

178

We have examined and considered every ruling of the trial court to which exception was reserved, and are clear to the opinion each of such exceptions are without merit.

Affirmed.