50 So.2d 792

## MOONEYHAM v. STATE.

### 8 Div. 887.

Court of Appeals of Alabama.

Feb. 20, 1951.

Ralph H. Ford, of Huntsville, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

On an indicment charging assault with intent to murder, the defendant was convicted of the lesser offense of assault with a weapon.

The accused and the alleged assaulted party, Mr. Byrd, with their respective families, lived next door to each other and had so resided for several years.

It appears that the two participants in the affray of instant concern were not on very congenial and friendly terms, and on at least two or three prior occasions they had engaged in arguments, disputes, and near-fights.

On the morning in question, according to the testimony of State's witnesses, the appellant was drunk, and while out in his yard he was cursing. Mr. Byrd took the defendant to task about this conduct and expressed his disapproval of such misbehavior. Some bitter words were exchanged and the appellant started toward Mr. Byrd with a knife. The latter secured a garden hoe and the two parties engaged in a fight. During the encounter the accused inflicted on Mr. Byrd a rather severe knife wound.

The appellant denied that he was drunk or that he cursed. He testified that he did not have a knife and did not know when Mr. Byrd received the wound. He explained that this could have been caused by the sharp edge of the hoe as the tool was wrenched from each other's hands on several occasions during the affray.

Very few objections were interposed during the progress of the trial. We will only respond to rulings which in our view merit discussion.

On several occasions after the court had overruled appellant's objections to questions, the nature of the answers was such that the substantial rights of the accused could not have been in any manner impaired. Minto v. State, 8 Ala.App. 306, 62 So. 376; Brown v. State, 33 Ala.App. 152, 31 So.2d 652; Supreme Court Rule 45.

The undershirt and the top shirt which Mr. Byrd was wearing at the time of the difficulty were introduced in evidence over the general objections of appellant's counsel. According to the scant description disclosed by the evidence, these garments showed bloodstains and also indicated the length and position of the knife wound.

█ We think the following authorities sustain the rulings of the court in admitting these garments. Long v. State, Ala. App., 44 So.2d 775;[1] Sampson v. State, 19 Ala.App. 671, 100 So. 305; Hanson v. State, 34 Ala.App. 177, 37 So.2d 532; Patterson v. State, 23 Ala.App. 428, 126 So. 420.

We are not unmindful of the line of authorities which hold that it is error to permit in evidence bloody garments which

1. Ante, p. 164.

are likely to inflame the mind of the jury, when the evidence adds nothing to the proof already made.

In the case at bar the appellant denied that he inflicted the wound with a knife. This disputed factual issue may have been clarified to some extent by the marks on the garments.

■ The exhibits were not sent to this court. We have no way of intelligently reviewing the question by examination and inspection. The onus rests upon the appellant not only to show error by the record, but that such error probably injuriously affected his substantial rights. Henderson v. Tenn. Coal, Iron & R. Co., 190 Ala. 126, 67 So. 414; Mosley v. State, 241 Ala. 132, 1 So.2d 593; Kabase v. State, 244 Ala. 182, 12 So.2d 766; Brown v. State, 33 Ala.App. 152, 31 So.2d 652.

Appellant's counsel inquired at some length into the details of prior difficulties between the parties participating in the encounter of instant concern. The solicitor seemed to be content to let all of this in. At least, he did not interpose any objections to its introduction.

In this state of the evidence the court permitted the prosecuting attorney to also inquire into these matters from the mouths of witnesses whose delineations of the circumstances were more favorable to Mr. Byrd as to his culpability and blame.

The applicable rule reflects a sense of justice and fairness in matters of this nature. So, when one party has gone into a conversation or transaction, it is only just and right to afford the opposing party the privilege of bringing out the entire transaction. This favor should be extended although it may result in a decided variance in the accounts as to what did in fact occur.

■ In the case at bar, the appellant having presented his version of the prior difficulties, the State had a right to make proof of the circumstances according to the contention of Mr. Byrd. Campbell v. State, 32 Ala.App. 461, 27 So.2d 220; Flournoy v. State, 34 Ala.App. 23, 37 So. 2d 218; Traffenstedt v. State, 34 Ala.App. 273, 38 So.2d 619; Graham v. State, 233 Ala. 387, 171 So. 895.

We will now review the written instructions which were refused to the defendant.

■ The record does not contain all the evidence. This precludes our consideration of whether or not the affirmative charge was properly refused. York v. State, 34 Ala.App. 188, 39 So.2d 694; Sovereign Camp. W. O. W. v. Turner, 238 Ala. 436, 191 So. 473.

■ This aside, we do not see how an examination of the exhibits that were omitted could have changed our view that a jury question was posed by the State's evidence.

■ Charges numbered 11 and 13 relate to assault with intent to murder. The verdict of the jury rendered these instructions inapplicable. Dickson v. State, 21 Ala.App. 151, 106 So. 619; Adkinson v. State, 21 Ala.App. 264, 107 So. 323.

■ Charge number 9 was approved in some of the earlier cases, but its disapproval has been adopted in more recent decisions. See, McDowell v. State, 238 Ala. 101, 189 So. 183; Campbell v. State, 182 Ala. 18, 62 So. 57; Kirkland v. State, 21 Ala.App. 348, 108 So. 262; Witt v. State, 27 Ala.App. 409, 174 So. 794; Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Krasner v. State, 32 Ala.App. 420, 26 So. 2d 519; Richardson v. State, 33 Ala.App. 40, 29 So.2d 883; Bankhead v. State, 33 Ala.App. 269, 32 So.2d 814; Stovall v. State, 34 Ala.App. 610, 42 So.2d 636; Head v. State, Ala.App., 44 So.2d 441; Odom v. State, 253 Ala. 571, 46 So.2d 1.

■ Charges numbered 14 and 22 are substantially similar to instructions condemned in: Gaston v. State, 161 Ala. 37, 49 So. 876; Bluett v. State, 151 Ala. 41, 44 So. 84; Pridmore v. State, 28 Ala. App. 478, 189 So. 214.

■ The defendant would not have been justified in assaulting the prosecuting witness simply because the latter was at fault in bringing on the difficulty. Unquestionably, for this reason, charges 18 and 19 were properly refused.

In a very able and comprehensive oral charge the trial judge instructed the jury fully and accurately on the doctrine of self defense. He substantially covered charge 20 in his oral charge. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

There is no reversible error in the record. The judgment below is ordered affirmed.

Affirmed.