64 So.2d 606

### MASON v. STATE.

8 Div. 251.

Court of Appeals of Alabama.
March 31, 1953.

Ralph H. Ford, Huntsville, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Robert P. Bradley, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

Under an indictment charging assault with intent to murder, the indictee was convicted of the offense of assault with a weapon.

Without dispute in the evidence the appellant cut Ernest Maynard with a knife.

The question of the justification or legal excuse for the assault revolves around the claim of self defense. In this aspect the evidence is in dispute and clearly presented a factual question for the determination of the jury.

Appellant's attorney objected to the introduction of the jacket the injured party was wearing at the time of the assault. There is a dispute in the evidence relating to the relative positions of the parties at the time Maynard received the knife wounds. The indicated garment was not forwarded to this court. The scant description in the record gives no information as to whether or not its introduction was pertinent to this material inquiry.

Apparently the ruling of the court comes under the influence of these authorities. Patterson v. State, 23 Ala.App. 428, 126 So. 420; Hanson v. State, 34 Ala.App. 177, 37 So.2d 532.

The State in rebuttal was allowed to introduce evidence from witnesses who testified that some of the defendant's witnesses had bad reputations in the community for truth and veracity. In some instances this inquiry went no further than to prove general bad character.

After the witnesses had testified, their reputation for truth and veracity was subject to attack. The authorities hold that this inquiry may be confined to proof of general bad character. Mealer v. State, 242 Ala. 682, 8 So.2d 178.

Over the general objections and that it was not proper in rebuttal, the State was permitted to prove that the defendant, prior to the time of the assault, made a statement in the nature of a threat against the injured party.

Clearly, it was admissible to prove the threat. Little v. State, 34 Ala.App. 114, 39 So.2d 587; Ex parte State, 181 Ala. 4, 61 So. 53.

It would have conformed to more orderly procedure to have introduced this proof prior to the introduction of defendant's testimony. However, the belated tender addressed itself to the sound discretion of the trial judge. Moulton v. State, 19 Ala.App. 446, 98 So. 709; Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 153 So. 261.

Without objections from appellant, the State inquired much in detail relating to prior conversation involving animus and near personal encounters between the accused and the injured party.

This proof permitted the solicitor to comment in argument to the jury relating to these occurrences and to state whether or not "any reasonable man would have been angry at the conduct of the defendant on those other occasions."

Written charges numbered 6, 10, 16, and 22, refused to the appellant, were covered by other charges given at his request. Title 7, § 273, Code 1940.

Refused charges numbered 4 and 18 are not predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Bowman v. State, 35 Ala.App. 420, 47 So. 2d 657.

Charge number 20 was disapproved in Gilbreath v. State, 23 Ala.App. 579, 129 So. 312 and Bringhurst v. State, 31 Ala. App. 608, 20 So.2d 885.

There was no error in refusing charge number 24. Waller v. State, 32 Ala.App. 586, 28 So.2d 815; Maxwell v. State, 32 Ala.App. 487, 27 So.2d 804; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Kent v. State, 34 Ala.App. 443, 41 So. 2d 194; Morris v. State, 34 Ala.App. 511, 42 So.2d 596.

Refused instruction number 25 was approved in some of the early cases, but in more recent opinions the appellate courts have condemned it. McDowell v. State, 238 Ala. 101, 189 So. 183; Odom v. State, 253 Ala. 571, 46 So.2d 1; Mooneyham v. State, 35 Ala.App. 576, 50 So.2d 792; Carroll v. State, 36 Ala.App. 59, 52 So.2d 171.

This concludes a consideration of each presented question which is worthy of comment.

The judgment below is ordered affirmed.

Affirmed.