**ACKER v. STATE. (8 Div. 154.)**

(Court of Appeals of Alabama. April 8, 1924.)

1. Criminal law ⬤⟿535(2)—Proof of "corpus delicti" and accused's confession held to warrant conviction.

In a prosecution for larceny of cotton, proof of the "corpus delicti," that is, the larceny, coupled with accused's voluntary confession, held to warrant conviction.

[Ed. Note.—For other definitions, see Words

and Phrases, First and Second Series, Corpus Delicti.]

**2. Criminal law ⬗535(1)—Voluntary confession insufficient to authorize conviction without proof of corpus delicti.**

A conviction is not authorized by a mere voluntary confession, unless evidence shows beyond reasonable doubt that the offense complained of has been committed.

**3. Criminal law ⬗814(3)—Charge not supported by evidence properly refused.**

Argumentative request to charge not supported by any evidence *held* properly refused.

**4. Criminal law ⬗1036(1)—Objection to evidence made for first time on motion for new trial not considered.**

An objection to the admission of testimony, made for the first time in motion for new trial, cannot be considered.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Clifford Acker was convicted of grand larceny, and appeals. Affirmed.

These charges, requested by defendant, were refused:

"No. 3. If the jury believe all the evidence beyond a reasonable doubt, they should find the defendant not guilty."

"No. 5. If the defendant did not steal the cotton, and said to Walker that he did not get or steal the cotton, and that Walker would get his money if he would not prosecute, and this he said and did through friendship for Anderson, then he should be acquitted."

John B. Tally, of Scottsboro, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. [1] From a judgment of conviction for grand larceny defendant appeals. The property alleged to have been stolen was two bales of cotton. The indictment named three defendants. A severance was granted this defendant, and upon the trial of this case but one witness was examined, one John Walker, the party alleged in the first count of the indictment to have been injured. By this witness the corpus delicti, that is to say, the essence of the actual crime, was proven. By this witness also the voluntary confession of the defendant was shown to the effect that he and another, one Roy Anderson, took and carried away the cotton in question from the place where it had been stored near a gin, and that this was done in the nighttime. It was also shown by the undisputed testimony that the cotton was stolen in Jackson county between the 4th day of December, 1921, and the 27th day of December, 1921, which was within the time covered by the indictment. Under this state of proof the jury were authorized and justified in returning its verdict of guilt, if the testimony was believed by them, and as a result thereof they were convinced of the guilty participation of the defendant in the larceny of the cotton beyond a reasonable doubt.

[2] A mere confession by defendant, though voluntary, will not authorize a conviction, unless independent of the confession; the evidence is sufficient to authorize the conclusion beyond a reasonable doubt that the offense complained of has been committed. In the instant case the larceny of the cotton, as alleged in the indictment, was shown by the undisputed testimony, and this fact, termed by the law "the corpus delicti," coupled with the voluntary confession of defendant, which is also without dispute, was ample upon which to predicate the verdict of guilt and to sustain the judgment rendered thereon.

The exceptions reserved to the rulings of the court upon the testimony are without merit.

From what has been said, charge 3, refused to defendant, was properly refused.

Refused charge 4 was fully covered by the oral charge of the court, where the court stated:

"However, it is also the law, gentlemen of the jury, that the mere presence of a man when a crime is being committed by another man without more does not make him guilty. It is when he is present aiding, abetting, and encouraging the other man to commit it he is guilty."

[3] Charge 5 was not predicated upon the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179. It was also properly refused as being abstract in that there was no testimony adduced upon this trial that he entertained "friendship for Anderson," and under the testimony the jury would have no right to so conclude. The charge was also argumentative.

The motion for a new trial was properly overruled. It was predicated principally upon the action of the court in refusing to defendant the charges, 3, 4, 5, already discussed herein.

The remaining grounds of the motion were wholly without merit In answer to the first ground it has already been stated herein that in the opinion of this court the evidence in this case was amply sufficient to justify the verdict of guilty.

As to the second ground of the motion we again state that the verdict of the jury was not contrary to the evidence.

The third, fourth, and fifth grounds of the motion relate to the refusal of the special charges requested in writing. These grounds

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

have been hereinabove discussed, and no repetition is necessary.

[4] The sixth and last ground of the motion for a new trial was based upon testimony given by state witness Walker as to the payment to him of $100 on the cotton alleged to have been stolen. This testimony was given without objection by defendant; therefore this ground of the motion is not sustained by the record. As the defendant interposed no objection to this testimony, it naturally follows the court did not "overrule defendant's objection to the testimony" in this connection, as contended in the sixth ground of the motion. We do not mean to imply that, if this question had been properly presented for consideration, it would have been meritorious. On the contrary, the testimony related to the main transaction, and was relevant. But pretermitting this, the rule is, the defendant having had the opportunity to raise this question on the main trial and not having done'so, he cannot ask that it be reviewed when first presented on his motion for a new trial.

No brief has been filed in behalf of appellant, but as, the law requires we have considered all questions reserved by the bill of exceptions, and such as are apparent on the record. No error appearing, the judgment of conviction appealed from will stand affirmed.

Affirmed.