119 So.2d 202

**James SMITH**

v.

**STATE.**

**4 Div. 411.**

Court of Appeals of Alabama.

Jan. 26, 1960.

Rehearing Denied Feb. 23, 1960.

W. H. Baldwin, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and John G. Bookout, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted by the court, without the intervention of a jury, of the offense of illegal possession of prohibited liquors.

The state's evidence consisted of the testimony of one Irby L. Lyles to the effect that he made a search of defendant's premises in Covington County on March 28, 1957, and found one pint of white "moonshine" whiskey in some broom straw in a smokehouse fifteen feet from defendant's home.

Defendant's wife testified she and her husband were in the house when her husband said a man had some whiskey. She asked the man where he got the whiskey and he told her he got it up in the sage. She stated she kept straw for making brooms in a little crib sitting right at the back door. Her husband was working in Wewauhitchica, Florida, hauling stumps and had been at home for about an hour.

Defendant testified he was working at "Wewau" at the time and that he left home every Sunday night and returned the following Saturday evening. When he reached home this Saturday he found 15 or 20 people gathered there for a birthday party. Some of them had been drinking wine. He had been at home about an hour when the law came. Mr. Reeves came in the house, Mr. Catrett went around on one side, and this man (Lyles) looked in back. Defendant testified he unlocked the smokehouse and Mr. Reeves·was looking in the smokehouse and Mr. Catrett was just standing there. The other fellow came to the corner of the crib and called Catrett and Catrett went around on that side and got the pint of whiskey and came back. Catrett told both defendant and his wife that he got the whiskey in the sage in the woods.

Defendant stated that the whiskey was not his and he knew nothing about it. Other people lived close by, the nearest house being within talking distance. At the time of the arrest a boy named Joe Crittenden lived at his home. Crittenden was bad to

drink. He disappeared shortly after the incident and witness had not seen him since he left.

It is insisted that there was no evidence tending to connect defendant with the whiskey or to show guilty scienter and that the proof was insufficient to justify conviction.

It is further insisted that the state's evidence was inadmissible because of the absence of a search warrant as required by Title 29, Section 210, Code 1940, as amended.

Defendant was not represented by counsel at the trial, but conducted his own defense. No objections to evidence were interposed. After conviction counsel was employed and a motion for new trial was filed and was overruled by the court. The grounds of the motion relate to the admission of illegal evidence, and to the insufficiency of the evidence to support the conviction.

■ Alleged error in admission of evidence cannot be raised for the first time on motion for new trial, Acker v. State, 19 Ala.App. 592, 99 So. 663, nor on appeal. Arthur v. State, 38 Ala.App. 490, 93 So.2d 793; Nichols v. State, 267 Ala. 217, 100 So. 2d 750. Where no objection is made in the lower court, nothing is presented for our review. Nichols v. State, supra.

> "The fact that evidence which is introduced in a case may be, if objected to, incompetent evidence under some one or more exclusionary rules of evidence does not destroy its probative effect, if it is admitted without objection." 20 Am.Jur. Evidence, Section 1185, p. 1036. See also 6A Ala. Digest, Criminal Law, ☞698, for cases.

■ There was evidence from which the court could infer guilty scienter, and we are of opinion the evidence was sufficient to support the conviction. There was no error in the denial of the motion for a new trial.

Affirmed.