197 So.2d 763

**Robin Eugene RAMSEY**

**v.**

**STATE.**

**I Div. 116.**

Court of Appeals of Alabama.

Feb. 21, 1967.

Rehearing Denied March 14, 1967.

John Coleman, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Defendant, Robin Eugene Ramsey, appeals from a conviction under an indictment charging that he "unlawfully did possess secobarbital sodium and amobarbital sodium, salts of barbital." The jury returned the following verdict: "We, the jury, find the defendant guilty as charged in the indictment and assess a fine of $1.00." The court assessed additional punishment of two years in the penitentiary.

The state's evidence tended to show that on September 5, 1964, Detectives Romagnano and Mayo of the Mobile Police Department saw defendant sitting at the bar in the Paradise Cafe. As they approached him defendant threw a vial containing red and blue capsules on the floor. Detective Romagnano stated the label on the vial indicated the capsules had been issued by a druggist pursuant to a prescription issued in the name of Robert Robinson.

The testimony of Detective Mayo was essentially the same as that of Detective Romagnano.

Dr. Nelson Grubb, a State Toxicologist, testified that on September 5th these detectives turned over to him twenty-seven red and blue capsules. He made a chemical analysis and found they contained "two barbiturates, seconal sodium and amobarbital." He was asked:

"Q. All right, and is secobarbital sodium one of the ingredients of that Doctor?

"A. It is.

"Q. And amobarbital sodium?

"A. Yes, sir.

"Q. Are both of those things salts of barbital?

"A. Yes, sir."

Detective Romagnano was recalled to the stand, and after proper predicate was laid, he testified defendant said, "You got me man" and "Don't book me, I want to make a deal."

The defendant testified he was 22 years of age; that he was in the Paradise Lounge and was intoxicated when he was approached by Detectives Romagnano and Mayo. He testified he had no knowledge of the pills and denied making any of the statements testified to by Detective Romagnano.

The pertinent parts of Section 242 of Title 22, Code of Alabama, 1940, as amended, read as follows:

"It shall be unlawful for any person * * * to sell, furnish, or give away any * * * barbital * * * or any derivatives, compounds, or mixtures of any of the drugs possessing hypnotic properties or effects or any salt or compound of any of the foregoing substances, or any preparation or compound containing any of the foregoing substances or their salts, * * *."

Section 255(b), Title 22, Code of Alabama, 1940, as amended, reads in part as follows:

"Any person who possesses any narcotic or other drug enumerated in section 242 of this chapter * * * is guilty of a felony, * * *."

Section 258(9) of Title 22, Code of Alabama, supra, by reference to section 258(3) of said Title 22, makes the possession of a barbiturate as defined in section 258(2) of said title, a misdemeanor punishable by not more than one year, or a fine of not more than five hundred dollars, or both, for the first offense. Sec. 258(2) "Definitions.—For the purpose of this chapter:

"(a) 'barbiturates' means the salts and derivates of barbituric acid, also known as malonyl urea, having hypnotic or somnifacient action, and compounds, preparations and mixtures thereof."

Appellant urges in brief that the statute under which he was tried and convicted of a felony is unconstitutional and void in that it violates the due process clause of the constitution, 1901, Article 1, Section 6, for the reason that under the above statutes as they now stand a defendant may be prosecuted for a felony while his companion in crime, committing the identical act composed of the same elements, may be prosecuted for a misdemeanor at the whim of the prosecuting authorities.

In the "Barbiturates" Act, General Acts of Alabama 1947, at pages 179–182, now codified as Chapter 9A, Title 22, Sections 258(1) et seq., Code 1940, the legislature repealed "all laws or parts of laws in conflict with this Act."

Thereafter, 1961 Extra Session, p. 2175, the legislature amended Section 242 of Title 22, Code supra, by inserting "or any other drug to which the narcotic laws of the United States apply" in the first and fourth sentences. In amending this section, the legislature rewrote the entire section and included "barbital" and its salts in the class of drugs the possession of which is made a felony.

■ The state insists that barbital and barbiturates are separate and distinct drugs with a completely different chemical formula; that barbital is a drug of a more dangerous nature than barbituric acid and that by including "barbital" in the 1961 amendment of Section 242, Title 22, supra, it was the legislative intention that possession of barbital be punished as a felony. We find no merit in the defendant's contention that a constitutional question is presented. Neither do we agree with the state's contention. According to Schmidt's Attorneys Dictionary of Medicine barbital is "One of a group of substances used as sedatives and sleep-inducers. See also under barbiturate." Barbiturate is defined as "one of a large class of medicinal substances derived from barbituric acid and used chiefly as sedatives and as hypnotics (sleep inducers.) The best known forms are phenobarbital, amytol, nembutal, seconal, etc."

Dorland's Illustrated Medical Dictionary, 24th Edition, defines barbital as "A white powder, 5–5, diethyl—barbituric acid, used as a central nervous system depressant," and barbiturate as "a salt of barbituric acid."

In the Cyclopedia of Medicine and Surgery, Vol. II p. 103, Dr. Charles M. Gruber classifies barbital as a derivative of barbiturate.

Furthermore, the testimony of the State's expert witness Grubb shows that barbital is a barbiturate.

 Repeal of a statute by implication is not favored, Lovett v. State, 30 Ala. App. 334, 6 So.2d 437, and it is our opinion that the legislature did not intend to repeal the provisions of the entire barbiturate statute, Chapter 9A, Title 22, Sections 258(2) et seq., by including the word "barbital" in the 1961 Amendment of Section 242 of Title 22, Code supra, but that the inclusion of barbital was the result of inadvertence or oversight.

The appellant charges error in the court's refusal of requested charge No. 3:

"I charge you, Gentlemen of the Jury, that if you believe the evidence you cannot convict the defendant of a felony."

And requested charge No. 4, which is the same charge without hypothesis.

 There is no requirement that the jury show by its verdict whether a defendant is guilty of a felony or a misdemeanor, and in fact it had no authority to so specify in its verdict. But if it had been authorized to do so, the defendant was not harmed by the refusal of these charges. The jury could only assess a fine and leave the court to impose hard labor or imprisonment. Title 15, Sections 335, 336, Code 1940. The jury assessed a minimum fine of $1.00.

 We hold that sentence should have been imposed by the court as for a misdemeanor, but that a reversal of the judgment of conviction is not required. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234.

The judgment is affirmed but the cause is remanded for proper sentence.

Affirmed; remanded for proper sentence.