211 So.2d 505

James **THOMPSON**

v.

**STATE.**

**3 Div. 345.**

Court of Appeals of Alabama.

May 28, 1968.

Warren S. Reese, Jr., Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Montgomery County under an indictment charging that he did "unlawfully, wilfully and feloniously possess, sell, furnish, or give away five capsules containing 50 milligrams of Pentobarbital Sodium each and five capsules containing 100 milligrams of Pentobarbital Sodium each, narcotic drugs, contrary to the provisions of Chapter 8 of Title 22 of the 1940 Code of Alabama, as the same has been amended, against the peace and dignity of the State of Alabama."

After a trial by jury, appellant was found guilty as charged and sentenced to a term of two years in the penitentiary, from which judgment and sentence he now appeals.

J. G. Ward, a member of the Montgomery, Alabama, Police Department, testified for the State that on November 8, 1966, he obtained a warrant to search the residence of the appellant; that he and two other officers went to appellant's residence where, after a search, they found a bottle containing drugs of varying description.

Officer M. E. Bailey testified that he was one of the officers who searched appellant's residence; that there were seven different types of drugs (there were both capsules and pills) and that six of each were sent to the State Toxicologist at Auburn; and that the bottle in which the drugs were found bore no label or markings.

James M. Small testified that he was a chemist with the Alabama State Department of Toxicology; that he analyzed the drugs sent to him by the Montgomery Police Department; that he found there were eight different types of drugs; and that six of these types were Barbital or its salts or compounds.

Dr. C. B. Relfe testified that he had been treating appellant since 1959; that he had on occasions prescribed Pentobarbital in February, June and July of 1966.

Appellant contends in brief that possession of Pentobarbital Sodium as set out in the indictment is a misdemeanor and not a felony, citing Ramsey v. State, 43 Ala.App. 617, 197 So.2d 763. In that case, the indictment read that the appellant "unlawfully did possess secobarbital sodium and amobarbital sodium, salts of barbital." There, the trial court assessed a fine of $1.00 and two years in the penitentiary.

As this court, speaking through Price, P. J., stated in *Ramsey*, supra:

"The pertinent parts of Section 242 of Title 22, Code of Alabama, 1940, as amended, read as follows:

'It shall be unlawful for any person, * * * to sell, furnish, or give away

any * * * barbital * * * or any derivatives, compounds, or mixtures of any of the drugs possessing hypnotic properties or effects or any salt or compound of any of the foregoing substances, or any preparation or compound containing any of the foregoing substances or their salts, * * *.'

"Section 255(b), Title 22, Code of Alabama, 1940, as amended, reads in part as follows:

'Any person who possesses any narcotic or other drug enumerated in section 242 of this chapter * * * is guilty of a felony, * * *.'

"Section 258(9) of Title 22, Code of Alabama, supra, by reference to section 258(3) of said Title 22, makes the possession of a barbiturate as defined in section 258(2) of said title, a misdemeanor punishable by not more than one year, or a fine of not more than five hundred dollars, or both, for the first offense."

In holding that sentence should have been imposed by the court as for a misdemeanor instead of a felony, this court stated in part as follows:

"[T]he testimony of the State's expert witness Grubb shows that barbital is a barbiturate."

"Repeal of a statute by implication is not favored, Lovett v. State, 30 Ala.App. 334, 6 So.2d 437, and it is our opinion that the legislature did not intend to repeal the provisions of the entire barbiturate statute, Chapter 9A, Title 22, Sections 258(2) et seq., by including the word 'barbital' in the 1961 Amendment of Section 242 of Title 22, Code supra, but that the inclusion of barbital was the result of inadvertence or oversight."

 Thus, under *Ramsey*, supra, possession of Pentobarbital Sodium, which testimony in the instant case, proved to be a "barbital" is a misdemeanor and not a felony, and upon conviction appellant should have been sentenced for a misdemeanor. *Ramsey*, supra.

Counsel for appellant (who was not trial counsel) contends that the trial court erred in several other instances. Having diligently searched the record, we find that no objections or exceptions were made by trial counsel to the alleged erroneous rulings. Therefore, there is nothing presented to this court for review. Smith v. State, 40 Ala.App. 600, 119 So.2d 202.

The judgment in this cause is due to be and the same is hereby affirmed and the cause is remanded for proper sentence.

Affirmed; remanded for proper sentence.