282 So.2d 56

**Gilbert MOORE**

v.

**STATE.**

**5 Div. 129.**

Court of Criminal Appeals of Alabama.

Aug. 21, 1973.

John Hollis Jackson, Jr., Clanton, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

The appellant was convicted of robbery and sentenced to imprisonment in the penitentiary for a term of 99 years.

He was indigent at the time of trial and was represented by an attorney appointed by the court, who also represents him on this appeal. A transcript of the testimony appears in the record as requested in the notice of the appeal given by appellant in his affidavit in forma pauperis.

■ It is not incumbent upon the court to set out the facts in the case developed by the evidence and rule on the sufficiency thereof, since no motion was made at the trial to exclude the State's testimony, no request was made for the affirmative charge in favor of plaintiff, and no motion for a new trial was filed by appellant after the verdict. Dawson v. State, 43 Ala.App. 265, 188 So.2d 600; Robinson v. State, 46 Ala.App. 684, 248 So.2d 583.

However, the court feels that due to the gravity of the crime and sentence that justice would be served by a brief statement of the tendencies of the evidence for the State and appellant.

The State's testimony is to the effect that in January 1972, the State's witness, Horace Martin, operated a grocery store located in the Concord Community, in Chilton County, near Clanton and that on January 2, 1972, at about 15 minutes till 8 in the evening, he was preparing to close the store for the night when a black man and woman came in at the front door and proceeded toward the back of the store, in the meanwhile asking, "Where is the beer?" He told them that the county was dry, and that he did not sell beer at which time they turned back toward the door and the witness noticed another black man standing inside the door with a shotgun which appeared to have a long barrel, and be a .12 gauge size. The man with the gun said, "Hey, man, where is your money?" Whereupon witness showed him a red cigar box where he had put the money on hand after removing it from the cash register, and that it had approximately $200 in lawful currency of the United States in it. This was turned over to the robber with the gun who also demanded and got the billfold of the witness, but gave it back to him after taking some of the contents. In the meantime he also searched in and under the counter for a gun, after being advised that the witness didn't have one, and made the remark to the witness in substance that he had better not find one hidden. In the meantime Mrs. Martin, the wife of the witness, drove up to the front of the store for the purpose of taking him home at which time she saw the man with a shotgun, a black woman, and one or more black men on the outside, and when she attempted to drive away from the scene someone fired a shotgun which hit on the side of the car near the vicinity of the rear left fender. She drove away and reported the matter to the local law enforcement authority. In the meantime Mr. Martin ran out the door and made his way to a nearby residence where he also reported the matter. After the robbery the $200.00 in the cigar box was missing.

As a defense, the appellant relied upon an alibi claiming he and his brother, who was also recognized by State's witness, Mr. Martin, as the person who came into the store first with the woman, were in Birmingham during the entire day and night of January 2, 1972, and that they were not in the vicinity of Clanton, Alabama. He denied any connection with the crime or guilty knowledge of the crime and claimed to be at one of the Birmingham hospitals at about 7:30 in the evening of January 2, 1972, visiting a girl friend referred to as "Sally Ann," and that along with him at the hospital visiting her were his brother, and several other people who he referred

**618**

to only by their first names. His brother, Frederick Moore, testified substantially as did the defendant—that he was with the appellant most of the day and later in the evening at the hospital visiting a girl friend of appellant, heretofore referred to, and nowhere near Clanton on the date in question and had no connection or knowledge of the alleged robbery.

 Robbery is defined as the felonious taking of money or goods of value from the person of another, or in his presence, by violence, or putting him in fear, so as to cause him to part with it against his will. Parks v. State, 21 Ala.App. 177, 106 So. 218. Under the tendencies of the testimony a jury question was presented which was properly submitted to the jury by the court for its consideration.

■ The testimony shows few objections by the State or appellant in the presentation of the case. Several photographs of the automobile which State's witness Lockhart, Sheriff of Chilton County, identified as having been made in his presence within a short time after the alleged robbery, and which he testified accurately portrayed the car as it was at that time were properly admitted into evidence by the court. See 1 McElroy, The Law of Evidence in Alabama, (2d ed.) 292 § 123.- 03.

■ Photographs, when properly authenticated and which tend to shed some light on the issues in a case, are admissible as evidence. Wilson v. State, 31 Ala.App. 21, 11 So.2d 563, cert. denied 243 Ala. 671, 11 So.2d 568; Knight v. State, 273 Ala. 480, 142 So.2d 899.

Mindful of our duty to search the record for error, whether called to our attention by brief or not, we have carefully studied the testimony and the full record in this cause and find no error therein of a reversible nature.

This case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All Judges concur.