322 So.2d 746

**Otto MAYES, Jr.**

v.

**STATE.**

**4 Div. 381.**

Court of Criminal Appeals of Alabama.

Nov. 18, 1975.

Earl V. Johnson, Andalusia, for appellant.

William J. Baxley, Atty. Gen., and J. Brent Thornley, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Appellant was convicted by a jury under a two count indictment, charging second degree burglary in one count and grand larceny in the other. The jury returned a general verdict of "guilty as charged" and

the trial court rendered the following judgment:

"The court adjudges you guilty of the offense of burglary in the second degree and grand larceny, both. The court sentences you to imprisonment in the penitentiary of Alabama for six years. . . ."

## I

The sole contention of appellant is that the trial court should have referred the sentence to one of the counts, where there was a general verdict, and failure to do so is ground for reversal. We do not agree.

This court has conclusively held that a general verdict of guilty on a two count indictment charging second degree burglary and grand larceny is valid where the evidence would sustain a verdict of guilty under each count and the sentence imposed is no greater than could have been imposed on any one of the counts. *Knight v. State*, 50 Ala.App. 457, 280 So.2d 163 (1973).

In the instant case, the evidence would support a conviction on either count and the sentence imposed was no greater than could have been imposed on any one of the counts.

## II

There was no motion to exclude the state's evidence, no request for the affirmative charge, no exception to the court's oral charge, and no motion for a new trial. It is therefore not incumbent upon us to recite the facts and rule on the sufficiency of the evidence. *Moore v. State*, 50 Ala.App. 616, 282 So.2d 56 (1973). In this state of the record, the sufficiency of the evidence and verdict of the jury are not subject to review. *Twitty v. State*, 50 Ala.App. 246, 278 So.2d 247 (1973); *Wilcox v. State*, 54 Ala.App. 474, 309 So.2d 510 (1975).

Affirmed.

All the Judges concur.