A jury found appellant guilty under both counts of a two-count indictment, one charging him with burglary in the second degree, the other with grand larceny. The court rendered judgment against him accordingly and sentenced him to four years imprisonment in the penitentiary, the punishment being fixed by the court.
No contention is here made, and we see no reasonable basis for any, that the evidence was not sufficient upon which to find defendant guilty of both counts. The owner of an uninhabited dwelling house and the contents thereof testified as to the breaking and entry and the removal therefrom of a color television set, which he valued at $500.00. The circumstances shown by the owner's testimony was sufficient to establish the corpus delicti of each offense. Another witness for the State testified that he saw defendant and his *Page 904 
co-indictee force an entry into the dwelling and remove therefrom the television set.
Under such circumstances, the court should have treated, as it did treat, the two crimes as one crime for the purpose of punishment and sentence. By Code of Alabama 1940, Tit. 14, § 86, the maximum punishment for burglary in the second degree is ten years and by § 331, the maximum punishment for grand larceny is also ten years. The trial court acted appropriately and without any possible prejudice to defendant in its judgment and sentence. There was no splitting up of a single crime into two crimes, as contended by appellant. The very opposite is true. The two crimes were merged into one, as they should have been, and thereby no real or potential injury was caused defendant in the form of exposure to double jeopardy, more than one punishment for the same offense, or otherwise. Mayes v.State, 56 Ala. App. 456, 322 So.2d 746 (1975); Knight v. State,50 Ala. App. 457, 280 So.2d 163 (1973).
Industrious and resourceful counsel for appellant set forth in their brief fifteen assignments of error, the fifteenth being that the court erred in refusing the requested charge by the defendant that the jury could not convict him of burglary and grand larceny "both in this case." In accordance with what we have just stated, the trial court correctly refused to give such charge.
Mr. V.E. Satterfield testified that he was an eye witness to the crime. While interrogating an officer with the Alabama Bureau of Investigation, Public Safety Department, the attorney for the State asked him if he talked with Mr. Satterfield when he, the officer, went to the dwelling to investigate the burglary. Defendant's objection to the question was overruled, and the witness answered that he did talk with Mr. Satterfield. We fail to see any possible harm to defendant in the court's overruling defendant's objection to the question, but even so the court was not in error. "It is always competent for a witness to state that he had a conversation with a third person, on a certain subject germane to the issue in dispute, and at a time specified, as a reason for his accurate recollection of a fact to which he has testified." Adams v.Robinson, 65 Ala. 586.
Defendant objected to a question asked the witness Satterfield by the State, whether the witness showed a Mr. Harold Richards where the witness was sitting when the burglary happened. However, the question was never answered, and the court's overruling the objection to the question furnishes no basis for a charge of reversible error. Cartlidge v. State,52 Ala. App. 495, 294 So.2d 462, cert. denied 292 Ala. 715,294 So.2d 467; Haisten v. State, 50 Ala. App. 504, 280 So.2d 209.
Four assignments of error challenge the action of the trial court in overruling defendant's objections to questions asked on cross-examination of various character witnesses for defendant, whether they had heard that defendant had committed, or had been indicted for or charged with, certain specific, designated crimes. This is permissible cross-examination. Judge McElroy states:
 ". . . [T]he state on cross-examination, for the purpose of testing the credibility of the witness, may ask him whether prior to the time of the alleged offense, he heard reports, rumors or statements derogatory of accused."
and cites a large number of cases wherein the principle had been applied. McElroy, Law of Evidence in Alabama, (2d ed.) § 27.01 (5).
Judge Harris summarized the principle in Frazier v. State,56 Ala. App. 166, 320 So.2d 99 (1975) as follows:
 "Where witnesses testified as to the good reputation of the defendant, it was permissible on cross-examination to test their knowledge of the defendant's reputation by asking if they had heard of specific acts of the defendant that tended *Page 905 
to mitigate against his reputation or character . . . Baldwin v. State, 282 Ala. 653, 213 So.2d 819."
Although the questions asked the witnesses were not limited, as they should have been limited, to the time prior to the date of the alleged offense, no point was made by defendant to the generality in time of the questions. Furthermore, it is to be noted that as to time the questions asked on cross-examination followed the pattern set by the defense in its questioning the character witnesses for defendant without limiting their questions to his reputation prior to the time of the alleged offense.
One character witness for defendant was asked on cross-examination by the State whether he had often drunk whiskey with the father of the co-indictee. Defendant's objection to the question was overruled, but the witness did not answer this specific question. He was thereafter asked substantially the same question, to which no objection was made. No reversible error occurs in the overruling of an objection to a question that is never answered or in admitting an answer to a question to which no objection is made. Wade v.State, 49 Ala. App. 601, 274 So.2d 626; Thompson v. State,44 Ala. App. 414, 211 So.2d 505. Furthermore, the question was not objectionable, it being within the permissible range of cross-examination for the purpose of showing the interest, bias, prejudice, or partiality of the witness. Adams v. State,280 Ala. 678, 198 So.2d 255.
The wife of defendant, testifying in his behalf, was asked by defendant's counsel and permitted to testify that she worked at the glove factory. She was asked "What do you make a year?" The State's objection was sustained, and defendant's counsel stated:
 "We except to that, Your Honor. It goes to whether or not the resources of these people would imply that they would be guilty of stealing."
This question is well covered in McElroy, Law of Evidence inAlabama, (2d ed.) § 45.03 (2)-(3), in which cases in Alabama are cited upholding action of the trial court in rejecting evidence, offered by accused, tending to show his strong financial condition at the time of an alleged offense such as robbery or larceny. In Parsons v. State, 251 Ala. 467,38 So.2d 209, it was stated:
 "We could well see in connection with evidence of good character or an alibi that a strong financial status [of the accused] could sometimes be material."
We doubt that what defendant's wife was making while working was sufficient to place her and defendant in such a strong financial status as to create an exception to the rule that was applied in Parsons and other cases. At any rate, we do not think that anything more favorable to defendant on the particular point can be said than Judge McElroy's conclusion:
 "It is here submitted that the admissibility of evidence of poverty or plenty should be committed expressly, to the discretion of the trial court, subject to reversal for prejudicial abuse of such discretion. Anno: 6 Ann.Cases 349."
The State was allowed to show by a deputy sheriff that the reputation for truth and veracity of a particular witness for defendant was bad. Objection to such testimony was not well taken. Either party may be able to show by a qualified witness that the general reputation for truth and veracity of an opposing witness is bad. Pugh v. State, 42 Ala. App. 499,169 So.2d 27; Mason v. State, 37 Ala. App. 122, 64 So.2d 606.
Charge 6, requested by defendant and refused by the court, was as follows:
 "The Court charges the Jury that there is no evidence in this case that the defendant has been convicted of Robbing Roberts Store and stealing a rifle from Mr. Hartline, and should not be considered *Page 906 
by you in your deliberation in this case."
According to the established rule, a "there is no evidence" charge can properly be given at times, but the refusal of such a charge does not constitute reversible error. Smith v. Moore,278 Ala. 173, 176 So.2d 868; Pollard v. Williams, 238 Ala. 391,191 So. 225.
Charge 7 requested by defendant and refused by the court was as follows:
 "The Court charges the Jury that the witness Virgil Satterfield has admitted to pleading guilty and being sentenced to Probation of Breaking and Entering in Chattanooga, Tennessee and Assault with intent to Murder in Lafayette, Georgia, and you may consider these facts in determining the guilt or innocence of the defendant."
The content of the charge constitutes good argument in favor of defendant but contains no principle of law to be communicated by the court to the jury. It gave undue prominence to the testimony mentioned and tended to mislead the jury to believe that such testimony bore directly upon the question of the guilt or innocence of defendant and not indirectly only in its possible disparagement of the credibility of the witness. Rodenv. State, 5 Ala. App. 247, 59 So. 751.
The record is free of any error that probably injuriously affected substantial rights of defendant, and the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.