Second degree murder; sentence: life imprisonment.
As the result of a scuffle over the possession of a pillow, the appellant killed the deceased, Reave Jones, by stabbing him several times with a knife. It appears that the deceased was unarmed. The scuffle and subsequent knifing took place on March 24, 1975, at the Elks Memorial Home in Montgomery, Alabama. The appellant was indicted for first degree murder, and he pled not guilty and not guilty by reason of insanity. The appellant was required to stand trial after he was found to be sane and competent to stand trial by the appropriate officials at Bryce State Mental Hospital. The trial court dismissed the first degree murder charge at the end of the State's case. There was overwhelming evidence presented from which the jury could find the appellant guilty of second degree murder which it did.
 I
The appellant, at what appears to be his first opportunity, confessed to the murder. The confession was made after the appropriate Miranda warnings were given and waived. It appears from the record that the confession was completely voluntary. The appellant contends he lacked the mental capacity to voluntarily confess.
The record established that appellant suffers from a mental disorder called non-psychotic organic brain syndrome with epilepsy. On occasion he allegedly hears voices. He also has an I.Q. of approximately 65. The appellant periodically suffered from severe depression and in addition he was addicted to beer. The record is void of any testimony that the appellant was incapable of waiving his Miranda rights and voluntarily confessing. There was no evidence indicating the appellant was depressed or under the influence of alcohol when he confessed. Quite to the contrary, the police officer who took the confession testified that the appellant acted like a normal rational person. The appellant could read and write, and he had gone to school through the sixth grade.
In order to hold that the appellant was incapable of voluntarily confessing, we would have to take judicial notice of a fact not in evidence, i.e. that a person with an I.Q. of 65 does not have the mental capacity to voluntarily confess. This we cannot do. The appellant's expert witness testified that the appellant knew right from wrong and that an I.Q. of 65 indicated moderate mental retardation. There was no evidence as to what effect an I.Q. of 65 has on one's capacity to make a knowing, intelligent, and voluntary confession.
The principal case on which the appellant relies is Blackburnv. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). The facts in that case are clearly inapposite to those in the present case. Here the record does not show strong probability that the *Page 526 
appellant was insane and incompetent at the time he confessed. Although appellant could not be said to be normal, neither can we find from the record that he lacked the requisite mental capacity to make a voluntary confession.
 II
The appellant moved for a mistrial at the end of the State's case. The colloquy occurred as follows:
 "MR. WATKINS: Your Honor, I would like to make one other motion. I would like to move for a mistrial on the grounds that the State has not proved a prima facie case.
"THE COURT: Have you got any other motions?
"MR. WATKINS: No, sir.
"THE COURT: All right. Let the Jury back in."
Suffice it to say that it is elementary that counsel should have obtained a ruling on his motion. Absent an objection to the lack of ruling, we have nothing to review. Wade v. State,49 Ala. App. 601, 274 So.2d 626 (1972). Additionally, an adverse ruling by the trial court would not have been erroneous as a prima facie case had been presented.
 III
Appellant contends that photographs of the deceased's body should not have been admitted into evidence since appellant stipulated as to the cause of death. The photographs which depicted numerous stab wounds obviously shed light on the issue of malice. Under the guidelines set forth in Lewis v. State
(1976) Ala.Cr.App., 339 So.2d 1035, the photographs were admissible.
AFFIRMED.
All the Judges concur.