PER CURIAM.
On an indictment charging robbery, appellant, Larry Anthony Calhoun, was convicted, and sentenced to twenty-nine years imprisonment in the penitentiary.
From the record it appears that on the afternoon of February 15, 1975 the appellant, together with two young men, drove from Montgomery, on Highway 31, to a small grocery store in the Pintlalla Community operated by Mrs. Tom Ganey. The appellant held a .22 rifle on Mrs. Ganey while one of his companions took about two hundred fifty to three hundred dollars out of the cash register, and took her husband’s pistol, and some old coins which were under the counter. The appellant put Mrs. Ganey in a back room of the store, and told her not to come out. The appellant admitted that he rode in the car to the store with two *2 young men, but that he did not know of their plans to rob the store, and did not take part in it.
The verdict of the jury was fully supported by the evidence.
This cause was submitted to this Court on briefs. Appellant is here, and was at all times during the proceedings in the lower court, represented by counsel.
Counsel for appellant argues that the conviction of the appellant should be set aside because the trial court overruled his objections to two questions propounded on cross-examination to the appellant by state’s Attorney. In the record we find the following:
“Q. Okay. Now, so, as you would have the jury consider, you had no motive and no reason to rob a widow lady of her money; neither did Gregory Anthony, did he? He had everything to live for; he had a scholarship to Alabama A & M University this year; according to you his daddy owned skads of property, had a good job, ran the store — owned the store. What motive would he have had, now, to rob—
MR. DUBINA: I object. That calls for a mental operation.
MR. TEAGUE: Judge, this is cross examination.
THE COURT: Overrule the objection. Q. (Mr. Teague continuing) Could you look at these ladies and gentlemen and give them an answer to that?
A. Well, I am not Gregory Anthony.”
“Q. How come he got down to the police station and squealed that you were the one who went in there with the rifle? He told you he told the police that, didn’t he?
MR. DUBINA: Object. That hasn’t been offered in testimony, Your Honor.
MR. TEAGUE: Judge, he can testify as to what he was told by a co-defendant.
THE COURT: Overrule the objection. Q. (Mr. Teague continuing) When you all got down there to the police station, didn’t Gregory Anthony tell you that he told the police about you?
A. About what?
Q. About going in there and putting that rifle on Mrs. Ganey?
A. I don’t know nothing about that.”
We hold that the above questions were not answered. We adhere to the opinion declared by Justice Lawson in the case of Kemp, Jr. v. State, 278 Ala. 637, at page 640, 179 So.2d 762, at page 765, where he said:
“Even if it be conceded that the questions were improper, the court’s action in overruling the objections to them would not work a reversal, since the rule is that improper questions not answered are harmless. Strickland v. State, 269 Ala. 573, 114 So.2d 407; Gosa v. State, 273 Ala. 346, 139 So.2d 321.”
Crowe v. State, Ala.Cr.App.1976, 333 So.2d 902; Cartlidge v. State, 52 Ala.App. 495, 294 So.2d 462, certiorari denied, 292 Ala. 715, 294 So.2d 467; Haisten v. State, 50 Ala.App. 504, 280 So.2d 209.
Appellant contends that we should set aside his conviction, and remand the case for a new trial, because the state’s Attorney asked the appellant on cross-examination the following question about Anthony Gregory who the appellant had testified was a good friend of appellant:
“Q. Have you asked him to come here and testify for you?
A. No, sir.”
There being no objection in the record to this question, there is nothing for us to review. Crowe v. State, supra; Wade v. State, 49 Ala.App. 601, 274 So.2d 626; Thompson v. State, 44 Ala.App. 414, 211 So.2d 505.
There being no other rulings of the trial court complained of in appellant’s brief, we have examined carefully the entire record, and find from such examination that there is no error in the record prejudicial to the appellant.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired *3 Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 828, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
TYSON, P. J., and HARRIS, DeCARLO and BOOKOUT, JJ., concur.
BOWEN, J., recused.