The appellant, Dorothy Louise Johnson, was convicted of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975. She was sentenced to four years' imprisonment and was ordered to pay $9,000 in restitution. Her sentence was suspended and she was placed on supervised probation for five years.
The state's evidence tended to show that the appellant took $9,000 from her sister-in-law, Mattie Speaks. Ms. Speaks was living with her brother, Page Johnson, and his wife, the appellant, on November 2, 1989, when the appellant helped Ms. Speaks open an account and secure a certificate of deposit at SouthTrust Bank in Phenix City, Alabama. Ms. Speaks was depositing the proceeds of a check on a bank in Augusta, Georgia. Ms. Speaks put approximately $20,000 into a certificate of deposit and established a savings account into which she deposited $10,000. The savings account was established as a *Page 529 
joint account and either Ms. Speaks or the appellant could access the money.
On November 14, 1989, 12 days after the savings account was opened, the appellant withdrew the $10,000.[1] On the same day, Page Johnson, the appellant's husband, complained to the Department of Human Resources that the appellant had taken money from Ms. Speaks's account and was not using it for Ms. Speaks's benefit.
Mr. Q.P. Motley, the social worker who investigated Mr. Johnson's complaint, visited the house where the Johnsons and Ms. Speaks lived. Mr. Motley testified that he noticed that Ms. Speaks had bruises on her arms and that her lip was swollen and cut. Mr. Motley testified that Ms. Speaks told him that the appellant had hit her because she had said she wanted to go to a hospital. He also testified that Ms. Speaks told him that the appellant "was not handling her money correctly and that she was taking some of her money."
Two days after the original complaint was filed, Mr. Motley received a second complaint from a hospital where Ms. Speaks had been admitted for acute anxiety, confusion, and possible physical abuse. Mr. Motley went to the hospital and talked with Ms. Speaks. After this meeting, Mr. Motley initiated action to protect Ms. Speaks's remaining funds.
Ms. Speaks, who was 73 years old at the time of trial, testified that the appellant had not stolen money from her and that she had given the appellant $9,000 because she loved her. Some of Ms. Speaks's testimony was inconsistent and she appeared to be confused about some facts. She also stated that the appellant had given her a ring the day before the trial.
On appeal, the appellant presents two issues, both of which pertain to the sufficiency of the evidence. When reviewing a question involving the sufficiency of the evidence, we must consider the evidence in the light most favorable to the state.Marks v. State, 581 So.2d 1182 (Ala.Cr.App. 1992).
Section 13A-8-3, Code of Alabama 1975, defines theft of property in the first degree as "theft of property which exceeds $1,000.00." Section 13A-8-2, Code of Alabama 1975, provides, in pertinent part:
"A person commits the crime of theft of property if he:
 "(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property. . . ."
Specifically, the appellant contends that the state failed to present evidence sufficient to prove that the appellant knowingly obtained or exerted unauthorized control over Ms. Speaks's money and that the state failed to prove that the appellant did not believe that she had a claim to the money.
Ordinarily, "a joint owner of property cannot be convicted of the theft of that property." Gainer v. State, 553 So.2d 673,681 (Ala.Cr.App. 1989). However, in Gainer, we held that "where the evidence supports an inference that the defendant wrongfully obtained control over a bank account, the question of whether the defendant is actually a joint owner of the account is a question for the jury." 553 So.2d at 682. (Emphasis in original.)
 " 'When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit the case for the jury to determine the weight it will give the evidence.' Sullivan v. State, 441 So.2d 130, 135
(Ala.Cr.App. 1983)."
Ayers v. State, 594 So.2d 719, 720 (Ala.Cr.App. 1991).
The only evidence that the state presented at trial to show that the appellant had exerted unauthorized control over Ms. Speaks's money was the hearsay testimony of Mr. Motley. The appellant did not object to Mr. Motley's testimony as to what Ms. Speaks had told him when he investigated her case. If there had been objections to that portion of his testimony concerning the statements that Ms. Speaks made to him *Page 530 
based on hearsay grounds, they would be due to be sustained. The record reflects that no such objections were made.
 "Ordinarily, a witness's testimony becomes legal evidence if it is received without objection. Wilson v. State, 52 Ala. App. 680, 296 So.2d 774, cert. denied, 292 Ala. 759, 296 So.2d 778, cert. denied, 419 U.S. 845, 95 S.Ct. 79, 42 L.Ed.2d 73
(1974). Hearsay evidence which is admitted without objection becomes lawful evidence. Wilder v. State, 52 Ala. App. 157, 290 So.2d 225 (1974). 'The fact that evidence which is introduced in a case may be, if objected to, incompetent evidence under some one or more exclusionary rules of evidence does not destroy its probative effect, if it is admitted without objection.' Smith v. State, 40 Ala. App. 600, 119 So.2d 202, cert. denied, 270 Ala. 741, 119 So.2d 203 (1960)."
Watson v. State, 398 So.2d 320, 325 (Ala.Cr.App.), writ denied,398 So.2d 332 (Ala.), cert. denied, 452 U.S. 941,101 S.Ct. 3085, 69 L.Ed.2d 955 (1981).
Based on the evidence presented through Mr. Motley's testimony, there was sufficient evidence from which the jury could conclude beyond a reasonable doubt that appellant exerted unauthorized control over Ms. Speaks's money. Likewise, the appellant's intent is a jury question and there was sufficient evidence, based on Mr. Motley's testimony, from which the jury could conclude, beyond a reasonable doubt, that the appellant intended to deprive Ms. Speaks of her money.
Based on the foregoing reasons, the appellant's conviction is affirmed.
AFFIRMED.
ALL the Judges concur, except BOWEN, P.J., who dissents with opinion.
[1] There was some evidence that the appellant used $1,000 of the $10,000 for the benefit of Ms. Speaks.