BASCHAB, Presiding Judge,
dissenting.
I concur with the conclusion in the main opinion that the circuit court improperly revoked the appellant’s probation on the ground that he had committed new offenses because the State presented only hearsay evidence that he had committed the new offenses. However, I respectfully disagree with the conclusion that this case must be reversed because there was not any evidence to support the revocation of his probation on the ground that he had not maintained suitable employment.
The main opinion concludes that the probation officer’s statements regarding the allegation that the appellant had not maintained suitable employment did not constitute testimony because the officer “was not called as a witness, and the record does not reflect that his comments were made under oath” and that the circuit court’s reliance on the officer’s statements during the revocation hearing violated the appellant’s right to confront and cross-examine witnesses. 6 So.3d at 564. However,
“ 1 “a probation revocation hearing is not criminal in nature, and therefore neither formal procedures nor formal rules of evidence need be followed by the trial court.” ’ Allen v. State, 644 So.2d 45, 46 (Ala.Crim.App.1994) (quoting Smith v. State, 445 So.2d 573, 574-575 (Ala.Crim. App.1984)); Thompson v. State, 356 So.2d 757 (Ala.Crim.App.1978); Goodrum v. State, 418 So.2d 942 (Ala.Crim.App.1982). Formal procedures and the application of strict rules of evidence are *565 not required in [a] probation revocation hearing. See Allen, 644 So.2d at 46.”
Chenault v. State, 777 So.2d 314, 316 (Ala.Crim.App.2000). The appellant did not object to the probation officer’s statements during the revocation hearing and did not attempt to question the probation officer regarding those statements. Also, he did not present his argument that he was denied the right to confront and cross-examine the probation officer to the circuit court. Because the appellant did not challenge the probation officer’s statements during the revocation hearing, those statements were properly before the circuit court.
“ ‘ “The fact that evidence which is introduced in a case may be, if objected to, incompetent evidence under some one or more exclusionary rules of evidence does not destroy its probative effect, if it is admitted without objection.” Smith v. State, 40 Ala.App. 600, 119 So.2d 202, cert. denied, 270 Ala. 741, 119 So.2d 203 (1960).’
“Watson v. State, 398 So.2d 320, 325 (Ala.Cr.App.), writ denied, 398 So.2d 332 (Ala.), cert. denied, 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981).”
Johnson v. State, 642 So.2d 528, 530 (Ala.Crim.App.1994).
The main opinion asserts that “Brazery had no reason to believe that the circuit court would treat the comments as evidence until he received the order revoking his probation” and that “[i]t defies logic to conclude that Brazery should have objected to evidence that, in fact, was never presented.” 6 So.3d at 564. However, even after the circuit court entered it written revocation order, Brazery did not file a motion to reconsider challenging the circuit court’s reliance on the probation officer’s statements or the sufficiency of the evidence to support the revocation of his probation on the ground that he had not maintained suitable employment. Rather, he raises these arguments for the first time on appeal.
Additionally, the main opinion states that the probation officer’s statements at the beginning of the revocation hearing “were comparable to reading an indictment before or during opening statements” and notes that an indictment cannot be used as evidence against a defendant. 6 So.3d at 563. However, this comparison ignores the fundamental difference between a trial and a revocation hearing. As a general rule, an indictment is not admissible as substantive evidence of the guilt of the accused. In contrast, a delinquency report can be admissible as substantive evidence during a revocation hearing. The law states only that the report cannot be the sole basis for revoking a defendant’s probation. Further, this is not a case in which the circuit court relied solely on a report or the fact that the probation officer filed a report. Rather, the circuit court relied on the probation officer’s in-court statements. Therefore, the analogy in the main opinion regarding the reading of an indictment is unavailing.
For these reasons, any error in revoking the appellant’s probation on the ground that he had committed new offenses was harmless. See Rule 45, Ala. R.App. P. Accordingly, I respectfully dissent.
McMILLAN, J., concurs.