WINDOM, Judge,
dissenting.
I disagree with the majority’s determination that D.G. adequately preserved his argument that the juvenile court violated his Sixth Amendment right to confront the witnesses against him by reviewing a DVD recording of a statement made by P.R.W. U.S. Const, amend. VI. On the contrary, I believe that any error in viewing and considering the recording of P.R.W.’s out-of-court statement without her testifying at trial was invited error. Therefore, I believe that this issue does not entitle D.G. to any relief.
“The law is well settled that a party may not induce an error by the trial court and then attempt to win a reversal based on that error.” Mobile Infirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 808 (Ala.2003). In other words, “ ‘[a] party may not predicate an argument for reversal on “invited error,” that is, “error into which he has led or lulled the trial court.” ’ ” Id. (quoting *860 Atkins v. Lee, 603 So.2d 937, 945 (Ala. 1992), quoting in turn Dixie Highway Express, Inc. v. Southern Ry., 286 Ala. 646, 651, 244 So.2d 591, 595 (1971)). Under “the doctrine of invited error ... a party may [neither] complain of error into which he has led the court,” Ex parte King, 643 So.2d 1364, 1366 (Ala.1993), nor ‘“win a reversal on an error that party has invited the trial court to commit.’ ” Mobile Infirmary Med. Ctr., 884 So.2d at 808 (quoting Neal v. Neal, 856 So.2d 766, 784 (Ala. 2002)). See also Ex parte Worley, [Ms. 1090631, Sept. 10, 2010] — So.3d -, -(Ala.2010) (holding that the State invited any error in the trial court’s pretrial dismissal of the indictment based on sufficiency of the evidence when the State “laid out for the trial court the evidence it expected to offer in opposition to Worley’s motion without informing the court that it would be premature for it to consider that evidence”). As explained below, D.G.’s actions lulled the juvenile court into viewing and considering the Southeast Alabama Child Advocacy Center’s DVD recording of P.R.W.’s statement; therefore, any error was invited.
Before trial, the State and the defendant filed a joint motion for the court to consider the Child Advocacy Center’s DVD recording of P.R.W.’s statement and a VHS videotape-recording the defense sought to use in rebuttal. (R. 4.) Both the State and the defense explained to the court that it was by agreement of the parties that the court “view the videos ... and take them into consideration after the testimony.” (R. 5.) The court then explained that both parties could be present when the court viewed the recordings. (R. 5-6.) Shortly thereafter, the State began presenting its case-in-chief.
The State presented testimony from one witness, Chad Wright, a therapist and forensic interviewer at Southeast Alabama Child Advocacy Center. After the State presented testimony from Wright, it rested its case without presenting any testimony from P.R.W. (R. 15.) After the State rested without presenting P.R.W.’s testimony, D.G. moved the court for “an acquittal or a dismissal.... ” (R. 15.) Specifically, the following occurred:
“[DEFENSE COUNSEL]: Your Honor, I am going to — I mean, I know that you’ve got two videos to watch. But I am going to verbally move for an acquittal or a dismissal, as the State has failed to prove a prima facia case.
“THE COURT: Well, not having seen the videos that y’all have both, by agreement, asked me to view, I’m not going to grant that motion at this point.”
(R. 15) (emphasis added.) The court then explained to the parties that it would watch the videos at a later date after the presentation of all the testimony.
Then, at the conclusion of all the testimony and with knowledge that the State had not presented any testimony from P.R.W., the following occurred:
“THE COURT: ... All right. Do you have a motion—
“[DEFENSE COUNSEL]: Yes, Your Honor.
“THE COURT: — or do you want to wait until I view the video, and we’ll come back, and then you can make the motions then?
“[DEFENSE COUNSEL]: I do want to point out one thing, I guess, now, while I’m thinking about it. If it’s okay, can I just put it on the record?
“THE COURT: Sure.
“[DEFENSE COUNSEL]: Basically, it’s a renewed motion for acquittal and motion to dismiss. It is incumbent upon the State in a sexual abuse first case to establish the intent to gratify the sexual desire of either party. And the State *861 has to prove, as complete proof of the crime, that the touching or any of the conduct that occurred was done so to— again, to satisfy or gratify a sexual desire. It cannot be touching for any other purpose.
“And I don’t think the State has put on any evidence at all that anything that occurred here or may or may not have occurred here had anything to do with gratifying a sexual desire. There’s been no testimony of it. And that’s an element of the crime they have to prove.
“THE COURT: Well, I haven’t finished hearing all the testimony, because I’ve got two videos to view.
“[DEFENSE COUNSEL]: I understand.
“THE COURT: I’m not ruling on that at this point.
“THE COURT: Anything else /all want to present today?
“[DEFENSE COUNSEL]: No, Your Honor.”
(R. 69-70.)(Emphasis added.) The court then scheduled a date to watch the videos and recessed court.
Eleven days later, the court reconvened. At that point, the court, pursuant to the parties’ joint motion, had viewed and considered the Child Advocacy Center’s DVD recording. After the circuit court had viewed the DVD recording, D.G. renewed his motion for a judgment of acquittal. During his argument that the State had failed to present sufficient evidence of first-degree sexual abuse, defense counsel stated, for the first time:
‘Tour Honor, I think it’s — as well, I would also like to state my position that the State has failed to put on sufficient evidence. I haven’t had any opportunity to cross-examine the victim or witness. I know that the tape was admitted. But I don’t think that alone is sufficient to uphold a conviction for an adjudication of delinquency to my client. I think it’s patently unfair to not allow me the opportunity to cross-examine a witness.”
(R. 5.)(Emphasis added.)
Here, the court reviewed P.R.W.’s out-of-court statement based on a motion joined by D.G. At the close of the State’s case-in-chief and, then again, at the close of all the testimony, D.G. indicated to the court that he understood and desired the court to view and to consider the recordings. After the court had, pursuant to the joint motion, viewed and considered P.R.W.’s statement, D.G. made an untimely objection to the circuit court considering the recording without D.G.’s being afforded the right to confront P.R.W.[8] Watson v. State, 439 So.2d 762, 769 (Ala.Crim.App. *862 1983) (“To be timely, an objection must be interposed as soon as the ground for the objection becomes apparent.”).[9] Because D.G. did not object to the court’s consideration of the video recording and, instead, joined the motion for the court to consider the -video, any error in the court’s viewing and considering the video was invited. See Ex parte Worley, [Ms. 1090631, Sept. 10, 2010] — So.3d at-(holding that the State invited any error in the trial court’s pretrial dismissal of the indictment based on sufficiency of the evidence when the State “laid out for the trial court the evidence it expected to offer in opposition to Worley’s motion without informing the court that it would be premature for it to consider that evidence”); Lewis v. State, 889 So.2d 623, 651 (Ala.Crim.App.2003) (holding that the defendant invited error in the admission of evidence when he did not object and conceded that the evidence was relevant and admissible). Because D.G. invited the alleged Confrontation Clause violation, I do not believe that this issue entitles him to any relief. Therefore, I respectfully dissent.

. At trial, D.G. actually argued that P.R.W.’s out-of-court statement was insufficient to sustain a juvenile adjudication because D.G. was not afforded the right to confront P.R.W. This Court, however, has held that hearsay evidence that is admitted without objection is lawful evidence. T.P. v. State, 911 So.2d 1117, 1125 (Ala.Crim.App.2004); see also Johnson v. State, 642 So.2d 528, 529-30 (Ala. Crim.App. 1994) (hearsay evidence admitted without objection is lawful evidence). Furthermore, because D.G. invited any error in the juvenile court's consideration of P.R.W.’s out-of-court statement, he waived any argument that without the out-of-court statement the State’s evidence was insufficient. See L.J.K. v. State, 942 So.2d 854, 865-66 (Ala. Crim.App.2005) (rejecting the appellant’s "argument ... that without the hearsay statements the evidence was insufficient to sustain his convictions [and holding that,] because the hearsay statements were admitted without a proper objection, they were legal evi-dence_ [TJherefore, [the appellant’s] argument regarding the sufficiency of the evidence without the hearsay statements is moot.’’).

. In determining that D.G. adequately and timely preserved his Confrontation Clause objection, the majority states that at the close of all the testimony the "juvenile court did not want to consider any objections until after it had viewed the evidence.” 76 So.3d at 856. The majority appears to hold that the juvenile court refused to consider any arguments or motions prior to viewing the recording. Contrary to the majority’s holding, at the close of all the testimony, D.G. moved the court for a judgment of acquittal, and the circuit court explained that it would not rule on the sufficiency of the State's evidence until it had viewed all the evidence. Shortly thereafter, the court asked whether there was "[a]ny-thing else y’all want to present today?" (R. 70.) At that point, D.G. could have raised his Confrontation Clause objection; however, his counsel stated, "No, Your Honor.” (R. 70.)